**John LELSZ, et al. individually and on behalf of all others similarly situated, Plaintiffs,**

v.

**John J. KAVANAGH, M.D., et al., Defendants.**

**Civ. A. No. 3–85–2462–H.**

United States District Court, N.D. Texas, Dallas Division.

July 21, 1986.

On Motion to Reconsider Sept. 22, 1986.

David Ferleger, Philadelphia, Pa., Virginia Raymond, Austin, Tex., for plaintiffs.

Toni Hunter and Martha Allan, Asst. Attys. Gen., State of Tex., Austin, Tex., for defendants.

ries, have failed to connect up Crane's products with the ones husband plaintiff used.

Diane Shisk, Austin, Tex., for amicus curiae Advocacy, Inc.

Janice L. Green, Farris and Green, Austin, Tex., for amicus curiae Ass'n for Retarded Citizens ("ARC").

Paul Smith, Washington, D.C., for intervenor Parents Ass'n for the Retarded of Texas ("PART").

## ORDER APPOINTING SPECIAL MASTER

SANDERS, District Judge.

Before the Court are Plaintiffs' Brief on Appointment of Special Master, filed July 14, 1986; Defendants' Response to the Court's Suggestion of a Special Master, filed July 14, 1986; Joint Response of Intervenor ARC/Texas and Intervenor Advocacy, Inc. to Appointment of Special Master, filed July 10, 1986; and Brief of Intervenor PART in Opposition to Proposed Special Master Reference, filed July 11, 1986. These pleadings were generated by the Court's statement, at a status conference July 2, 1986, that the Court was considering the appointment of a Special Master to formulate and recommend a Plan of Implementation. *See* Order dated July 2, 1986.

■ The Court has considered these pleadings, the massive and constantly growing files in this case, and the continuing failure to implement the May 1983 settlement of this litigation, and is of the opinion that a Special Master should be appointed.

### *Background*

This case was filed in the Eastern District of Texas almost twelve years ago, on November 27, 1974. Plaintiff class was certified August 5, 1981. The case was settled by a Resolution and Settlement ("Settlement"), filed May 12, 1983, which was approved by the Court by Memorandum Opinion dated July 19, 1983. The Settlement provided, paragraph 36, for appointment of an expert consultant "to serve as monitor of implementation". Plaintiffs and Defendants agreed that Dr. Linda O'Neall should be named expert con-

sultant, *see* Joint Motion filed March 5, 1984; she was so appointed by the Court March 19, 1984, and has served since that date. The Court finds that the reports filed by Dr. O'Neall have been thorough and objective and demonstrate that she has discharged her duties impartially and knowledgeably.

After receiving this case November 29, 1985, this Court reviewed the mountainous file and concluded that it was essential that a detailed plan be developed to implement the Settlement. Accordingly, on January 16, 1986, the Court directed Plaintiffs and Defendants to file a Plan of Implementation by February 21, 1986. Plaintiffs complied; Defendants, however, filed a skeletal twelve page "plan" and a February 21 motion asking the Court to adopt it as *the* Plan of Implementation. This motion was denied March 3, 1986.

Thereafter, acting pursuant to the Court's January 16, 1986 Order, Dr. O'Neall developed a draft Implementation Plan. Extensive discussions and negotiations about this draft were then conducted by Dr. O'Neall with the Defendants and Plaintiffs. *Id.* at 5. Numerous changes were made in the draft and on June 10, 1986, the June 1986 Implementation Plan was submitted to the Court. As required by the Court's June 10, 1986 Order the parties and intervenors filed comments on this Plan on June 24, 1986. On June 18, 1986, the Court scheduled a status conference for July 2, 1986 to discuss the comments.

Suddenly, on June 30, 1986, two days before the status conference, Defendants filed a 211 page proposed Implementation Plan.

### *Findings*

1. The May 12, 1983 Resolution and Settlement has not been implemented. A plan for implementation is needed so that the Court and the parties can direct their efforts to effectuating the Settlement. Without such a plan no end to this litigation is in sight. This Court has previously noted

its dissatisfaction with Defendants' noncompliance with the Resolution and Settlement. *See* Memorandum Opinion and Order on Motion to Modify, filed March 4, 1986, at 9–10.

2. The complex and difficult substantive matters involved in developing an Implementation Plan require technical expertise not possessed by the Court. The Expert Consultant, Dr. O'Neall, has such expertise. After serving more than two years as Expert Consultant, she is knowledgeable about this litigation and the stances of the parties. Dr. O'Neall has vast experience in the field of mental retardation, is conversant with the relevant substantive law, and has access to legal counsel to assist her as needed. She is exceptionally well qualified to serve as Special Master.

3. This case is, and will increasingly be, extraordinarily time consuming. It is in the interest of judicial economy to designate a Special Master.

4. Defendants' untimely filing of yet another Plan of Implementation on June 30, 1986, thwarted the Court's January 16, 1986 Order and has unreasonably delayed adoption of an Implementation Plan. This Plan should be addressed nonetheless.

5. The Court has considered the Special Master nominees suggested by Defendants and Intervenors ARC/Texas and Advocacy, Inc. All are estimable individuals; none has the knowledge of the issues in this case possessed by Dr. O'Neall. The appointment of one of these individuals as Special Master would cause still further delay and would also result in additional expense.

6. Because the Special Master may hold evidentiary hearings and rule on evidentiary issues, and possibly other legal matters, the Court has considered the appointment of an attorney as special master. The Court finds that Dr. O'Neall's expertise in mental retardation and her familiarity with the issues in this case outweigh any disadvantage from her not being an attorney.

Dr. O'Neall has access to legal counsel, and the Court expects, and will empower, her to utilize legal counsel in determining legal rulings.

7. Dr. O'Neall's ability to develop an Implementation Plan will be significantly enhanced by the enlargement of her current powers, specifically, the power to obtain legal counsel, to hold evidentiary hearings, and to require attendance of witnesses.

8. The Court has considered, and rejects, PART's suggestion that the Court proceed to an evidentiary hearing at this time. An evidentiary hearing, if one should be needed, will be more productive if based upon recommendations of the Special Master, which will focus the issues for court decision.[1]

9. The Court has considered, and rejects, the suggestion of Intervenors ARC/Texas and Advocacy, Inc. that appointment of a Special Master be delayed for 30 days, *see* Joint Response filed July 10, 1986, for further negotiations. The parties have always been—indeed, always are—at liberty to negotiate. The Court believes, however, based upon the record in this case, that negotiations will be more fruitful if conducted under the aegis of a special master with specific powers which the Court will set forth.

### Conclusions of Law

1. The May 1983 Resolution and Settlement as approved by the Court in July 1983 is a court decree. The Court has the obligation and authority to enforce its decree.

2. Fed.R.Civ.P. 53 authorizes the post-decretal appointment of a special master where exceptional conditions exist. *See Gary W. v. State of La.*, 601 F.2d 240, 243–45 (5th Cir.1979).

3. Exceptional conditions exist in this litigation. Such conditions include the long pendency of the suit; the delay of Defend-

---

1. The United States Justice Department Policy Regarding Special Masters, dated March 13, 1986, attached to Intervenor PART's July 11 Opposition to Special Master Reference, is irrel-

evant. The Policy has not received judicial recognition or acceptance. In any event, the Justice Department is not a participant in these proceedings.

ants in implementing the Settlement; the failure of Defendants to cooperate in developing an Implementation Plan (by filing on June 30, 1986, instead of February 21, 1986 the Implementation Plan required by the Court's January 16, 1986 Order); the large number (over 5000) of class members, each of whom is entitled to individual consideration under the Settlement; the presence of five active litigating participants (two parties and three intervenors), which results in a variety of points of view and voluminous pleadings; the subject matter and complexity of the case and the consequent need for technical expertise in devising an Implementation Plan; the difficulty which the Expert Consultant has encountered, with the limited authority bestowed by the Settlement, in formulating an Implementation Plan; and the noncompliance and delay of Defendants previously noted by the Court. *See* Memorandum Opinion and Order on Motion to Modify, filed March 4, 1986, at 9–10.

Defendants' noncompliance is in itself sufficient reason for the appointment of a special master. *See Gary W.,* 601 F.2d at 244.

4. In addition, the Court has the inherent power to appoint a special master to assist in the implementation and enforcement of its decree. *See Ruiz v. Estelle,* 679 F.2d 1115, 1161 n. 240 (5th Cir.1982).

### *The Special Master*

Dr. Linda O'Neall is **APPOINTED** Special Master. She shall have the powers set forth in Fed.R.Civ.P. 53(c). Specifically and without limitation on such powers, the Special Master is empowered to hold conferences and evidentiary hearings and to call and take testimony from witnesses, under oath, on such dates and such places in Texas as she may determine; to employ and pay for legal counsel and other expert assistance; to make a record of any such conferences or hearings; to direct the parties to provide such information as she may

require for the purpose of formulating the Implementation Plan; and to make such applications or recommendations to the Court as she may deem necessary for the enforcement of her directives. The Special Master will not have responsibility for the management or conduct of the daily affairs of the Defendant Department or any of its institutions.

The reports, findings and conclusions of the Special Master which are based upon hearings conducted on the record after notice will be accorded a presumption of correctness and will be reviewed by the Court under the "clearly erroneous" standard of Fed.R.Civ.P. 53(e)(2). All other reports of the Special Master will be considered as recommendations but not accorded a presumption of correctness. *See Ruiz v. Estelle,* 679 F.2d 1115, 1162–63 (5th Cir.1982).

The Special Master shall formulate and provide to the Court by noon, **November 14, 1986,** a Plan of Implementation for this case. The Special Master shall continue to serve until her appointment is terminated by Order of the Court. The Court may assign additional tasks to the Special Master.

The Special Master is allowed her necessary expenses and reasonable fees for her services, statements for which shall be submitted to the Court for its approval. Upon Court approval such statements will be paid by the Defendants in their official capacities.

This appointment is effective immediately.

SO ORDERED.

### ON MOTION TO RECONSIDER

Once again—it is becoming habitual[1]—the Court is confronted with a request from Defendants to change an Order entered after all parties had been af-

---

**1.** *See, e.g.,* Motion to Reconsider July 29, 1986 Order, filed August 8, 1986; Motion to Modify June 6, 1985 Order, filed August 12, 1986; Motion to Reconsider July 30, 1986 Order, filed August 12, 1986.

forded the opportunity to present their respective positions.[2]

Now before the Court are Defendants' Objections, Motion to Reconsider, etc., filed July 31, 1986; Plaintiffs' Response, filed August 21, 1986; Intervenor ARC/Texas' Response, filed August 18, 1986; Intervenor PART's Memorandum, filed August 18, 1986; Intervenor Advocacy, Inc.'s Response, filed August 21, 1986; and Defendants' Reply to Plaintiffs' Response, filed September 3, 1986.

 A motion to reconsider is not a vehicle for raising issues or citing authorities that a party should have or could have presented prior to the Court's ruling. Neither should a motion to reconsider be employed to rehash arguments already made nor as a means of refuting the Court's ruling. Defendants' massive July 31 Motion contains nothing that was not raised, or that could not have been raised, prior to the Court's July 21, 1986 Memorandum Opinion as to which reconsideration is sought. None of Defendants' allegations impeach the Findings and Conclusions of the Court's July 21 Opinion. The unsolicited reargument of matters already presented and decided is not conducive to the orderly resolution of this litigation.

Some day there must be an end to this litigation. The Court is convinced that only with a plan of implementation, developed under the aegis of a qualified Special Master, can this case be brought to a conclusion consistent with the 1983 Resolution and Settlement.

With respect to Defendants' 1292(b) request the Court is of the opinion that its July 21, 1986 Order Appointing Special Master rests on discretionary grounds and does not involve "a controlling question of law as to which there is a substantial ground for difference of opinion". In any event, an immediate appeal would not "materially advance the termination of the litigation"; on the contrary, a 1292(b) appeal would only delay still further the termination of this suit.

Defendants' July 31 Objections, Motion to Reconsider, etc. are in all respects DENIED. Defendants' request for permission to appeal pursuant to 28 U.S.C. § 1292(b) is likewise DENIED. Intervenor PART's August 18 Memorandum is also DENIED. Intervenor ARC/Texas' August 18 Response, to the extent that it supports Defendants' Motion to Reconsider, is DENIED. (The Court notes that ARC's August 18 position is not altogether consistent with its position set forth in its July 10 Joint Response. In any event, the Special Master has provided for the court-imposed negotiation process which ARC seeks. *See* Special Master's Procedure for Mandatory Prehearing Negotiations, filed August 25, 1986.)

SO ORDERED.

---

**2.** At a status conference June 30, 1986, the Court mentioned that it was considering the appointment of a Special Master. By Order of July 2, 1986, the Court directed the parties to file by July 14 their comments with respect to such appointment. No request for extension of time was received and the comments were timely filed.