In re **METRO TRANSPORTATION CO.,**
t/a Yellow Cab Company.

Civ. A. No. 87–7049.
Bankruptcy No. 86–05614S.

United States District Court,
E.D. Pennsylvania.

Nov. 2, 1989.

Susan L. Parsons, Philadelphia, Pa., for Creditors' Committee.

Kevin Walsh, Philadelphia, Pa., for debtor.

## MEMORANDUM AND ORDER

HUTTON, District Judge.

Before this Court is an appeal filed by counsel for the Official Creditor's Committee from the Order of the Bankruptcy Court dated September 29, 1987. The Order denied counsel's motion for reconsideration of the Bankruptcy Court's Order dated July 27, 1987. The Bankruptcy Court's Order of July 27, 1987 awarded $43,061.75 in compensation for legal services, and

$475 for expenses of the $54,083.50 for services and $1,596.02 for expenses requested in the second interim fee application submitted by the Committee's counsel.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a). The facts are as follows.

Metro Transportation Co., trading as Yellow Cab Company (hereinafter the "debtor"), commenced this bankruptcy proceeding on July 29, 1986, by the filing of a voluntary petition under Chapter 11 of the Bankruptcy Code. By Order of the Bankruptcy Court dated August 14, 1986, the Official Creditor's Committee (hereinafter the "Committee") was authorized to employ the appellant, Clark, Ladner, Fortenbaugh & Young (hereinafter "Clark Ladner") as its counsel.

On May 5, 1987, Clark Ladner filed its second application for allowance of interim compensation ("the application"). Although objections to the application were initially filed by the Debtor and by First Fidelity Bank (a creditor), those objections were withdrawn on July 13, 1987. The application sought $54,083.50 in compensation for legal services in addition to $1,596.02 reimbursement for expenses incurred on behalf of the Committee from the period December 1, 1986 through March 31, 1987. The Bankruptcy Court held a hearing on July 15, 1987 in which Clark Ladner offered to provide the Court with a more detailed description of the expenses incurred on behalf of the Committee. A supplement was filed on July 22, 1987. On July 27, 1987, the Bankruptcy Court entered an Order awarding $43,061.75 as compensation for services and $475 as reimbursement for expenses to Clark Ladner. The Order was filed without memorandum. A motion for reconsideration of this Order was filed by Clark Ladner on August 6, 1987. On September 16, 1987, the Bankruptcy Court held a hearing on the motion. Clark Ladner presented the testimony of Mary F. Walrath, a partner at Clark Ladner, regarding services rendered, the firm's billing practices, and an explanation of the expenses. By Memorandum and Order dated September 29, 1987, the Bankruptcy Court denied Clark Ladner's motion for reconsideration. *In re Metro Transportation Co.*, 78 B.R. 416 (Bankr.E.D.Pa.1987). Clark Ladner appeals from that Bankruptcy Court's Order stating that the Bankruptcy Judge abused his discretion and made several errors in the law.

Section 330(a) of the Bankruptcy Code provides that a bankruptcy court may award the debtor's attorney:

1) reasonable compensation for actual, necessary services rendered by such ... attorney ... based on the nature, the extent, and the value of such services, the time spent on such services and the cost of comparable services other than in a case under this title; and

2) reimbursement for actual, necessary expenses. 11 U.S.C. § 330(a).

In its brief, Clark Ladner argues that the Bankruptcy Court committed error of law in disallowing its request for compensation. Clark Ladner argues that its requested compensation should have been granted in full since there were no objections from the Committee, its client, or any other party to the bankruptcy action. Additionally, Clark Ladner contends that the Bankruptcy Court erred as a matter of law and abused its discretion in disallowing compensation for services rendered in intra-office conferences, in failing to provide the rationale for disallowance of portions of the fee application, and in failing to specify which portions of the application were disallowed.

In reviewing a Bankruptcy Court decision, the district court acts as an appellate court. Bankr. Rule 8013 (1984). Findings of fact shall not be set aside unless clearly erroneous. *U.S. and I.R.S. v. Owens*, 84 B.R. 361 (E.D.Pa.1988). A district court will reverse a Bankruptcy Court's fee only if there has been an abuse of discretion by failing to apply proper procedures or legal standards or by basing an award upon findings of fact that are clearly erroneous. *See, e.g., In re Ferkauf, Inc.*, 56 B.R. 774 (S.D.N.Y.1985); *In re Humbert*, 39 B.R. 643 (D.C. Ohio 1984). Deciding the amount of attorney fees to award is a function of the bankruptcy judge. Al-

though matters of law are to be given plenary and *de novo* review, factual determinations are to be judged by the "clearly erroneous" standard. *In re Meade Land & Development Co., Inc.*, 527 F.2d 280 (3rd Cir.1975).

In reviewing a fee application, the Bankruptcy Court must determine "reasonable compensation for actual, necessary services" and "reimbursement for actual, necessary expenses" pursuant to 11 U.S.C. § 330(a). The legislative history of Section 330 reflects the intent of Congress to compensate bankruptcy attorneys similarly to attorneys in other fields. The House Report states in pertinent part, "... the effect of section 330(a) is to overrule ... cases that require fees to be determined on notions of conservation of the estates and economy of administration." H.R. No. 95–595, 95th Cong., 1st Sess. 330 (1977), U.S. Code Cong. & Admin. News 1978, pp. 5787, 6286.

The reasoning of the legislature in overruling the "strict rule of economy" doctrine was adopted by the United States Bankruptcy Appellate Panels of the Ninth Circuit in the matter of *In re: Powerline Oil Company*, 71 B.R. 767 (9th Cir. BAP 1986). The panel found:

> The purpose of Code Section 330 was to overrule this (strict rule of economy) doctrine and to ensure adequate compensation for bankruptcy attorneys so that qualified specialists would not be forced to abandon the practice of bankruptcy law in favor of more remunerative kinds of work. *Id.* at 779.

The required procedure in awarding attorney's fees is established in *Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 166 (3d Cir.1973) (*Lindy I*) and *Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 114 (3d Cir.1976) (*Lindy II*), and was more recently endorsed by the Third Circuit Task Force in "Court Awarded Attorney Fees, Report of the Third Circuit Task Force,"

108 F.R.D. 237 (1985). The *Lindy I* and *II* analysis requires the Court to establish lodestars for attorney's fees by multiplying a reasonable hourly rate by the number of hours reasonably and necessarily spent performing services.[1]

In determining a reasonable hourly rate, the court must consider a number of factors, "including the difficulty of the task, the prevailing market rate for counsel of petitioner's experience, counsel's normal billing rate, and the rates awarded by other courts under similar circumstances." *Jungkurth*, 87 B.R. at 337 (citing *Swicker v. William Armstrong & Sons, Inc.*, 484 F.Supp. 762, 767 (E.D.Pa.1980). A major factor in this determination is the quality of the attorney's work in the particular case. *Lindy II*, 540 F.2d at 114; *Baughman v. Wilson Freight Forwarding Co.*, 583 F.2d 1208, 1216–17 (3d Cir.1978).

Additionally, the United States Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), a nonbankruptcy matter, stated that attorneys applying to a court for statutory fees should make a good faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary. "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here." *Hensley*, 461 U.S. at 434, 103 S.Ct. at 1940 quoting *Copeland v. Marshall*, 205 U.S. App.D.C. 390, 401, 641 F.2d 880, 891 (1980) (en banc). The standard of Bankruptcy Code § 330 that compensation be made for actual and necessary service, makes the exercise of such "billing judgment" a mandatory requirement in bankruptcy fee matters. This represents no more than the billing judgment attorneys regularly impose upon themselves at the "edit" stage of the billing process before submission of a bill to a private client. *In re Temple Retirement Community, Inc.*, 97 B.R. 333 (1989). When attorneys fail to exercise this sort of billing judgment in advance, the Bankruptcy Court is within its discretion to act as "client," "objecting" to excessive fees which it deems overstep the "actual

---

1. *See also, Jungkurth v. Eastern Financial Services, Inc.*, 87 B.R. 333, 337 (E.D.Pa.1988).

and necessary" standard imposed by Section 330(a)(1). *Id.*

■ In the case at bar, Clark Ladner contends that the Bankruptcy Court abused its discretion in disallowing compensation for intra-office conferences. The Bankruptcy Court noted that "most of the matters arising in this case in this period were not complex and none required an extensive hearing or a difficult legal issue." [2] Disallowing compensation for conferences for the reasons stated are well within the discretion of the Bankruptcy Court. However, the court goes on to state that "we generally allowed half-time for each of the conference participants in this Application, per our guidelines established in the foregoing cases." The practice of disallowance by one-half is in conflict with the applicable standards of Section 330(a). By reducing all intra-office conferences by half, the Bankruptcy Court did not weigh the reasonableness of the time or of the specific task. The automatic halving of intra-office conference time is not the proper application of the reasonable and necessary standard and thus constitutes an abuse of discretion.

■ Clark Ladner argues that the Bankruptcy Court erred in considering objections which had been withdrawn. This Court does not agree. It is well established that review of a debtor's counsel's fee application is left in the sound discretion of the Bankruptcy Court. Whether or not services rendered by professionals are actual, necessary and reasonable are factual issues which exist every time a professional presents a fee petition to a Bankruptcy Court. *In re Pettibone,* 74 B.R. 293 (N.D.Ill.1987). Such factual issues do not arise only upon objection by an interested party, but may also arise upon review of the application by the Bankruptcy Court. *In re Pettibone.* Absent objections to a fee request, the Bankruptcy Court is not bound to award the fee as prayed. Indeed, the Bankruptcy Court has the independent authority and responsibility to determine the reasonableness of all fee requests, regardless of whether or not objections are filed. *In re NRG Resources, Inc.* 64 B.R. 643, 650 (W.D.La.1986); *In re Esar Ventures,* 62 B.R. 204, 205 (Bankr.D.Ha.1986). "The Bankruptcy Judge can and must apply his own expertise *sua sponte,* if necessary, in order to be fair to both counsel and creditors ..." *In re Temple Retirement Community, Inc.,* 97 B.R. 333 (W.D.Tex. 1989). Thus, this Court finds that the Bankruptcy Court did not abuse its discretion in considering objections which had been withdrawn by interested parties.

Clark Ladner further argues that the Bankruptcy Court erred in disallowing portions of the fee application. Clark Ladner specifically argues that the Bankruptcy Court erred in reducing the fees charged and the time incurred in organizing documents and proofreading, and the hourly rate charged by Clark Ladner attorneys.

The burden of proof to show entitlement to fees is, in all fee matters, on the applicant. *In re Lindberg Products, Inc.,* 50 B.R. 220, 221 (Bankr.N.D.Ill.1985); *In re Horn and Hardart Baking Co.,* 30 B.R. 938, 939 (Bankr.E.D.Pa.1983). Because fees can be paid only upon court order, the court which signs that order must, therefore, be prepared to accept responsibility for its judicial actions by independently determining that court authorization of the fee payment is warranted. *In re Benassi,* 72 B.R. 44 (D.Minn.1987); *Cohen & Thiros v. Keen Enterprises,* 44 B.R. 570, 574 (N.D.Ind.1984), *citing In re Meade Land Development Co.,* 527 F.2d 280, 284 (3rd Cir.1975).

■ Clark Ladner argues that the uncontroverted testimony of Ms. Walrath establishes that the tasks stated and the hourly rates charged are reasonable. Given that a Bankruptcy Judge is not mandated to grant all fees within counsel's petition, it is well within the Bankruptcy Court's discretion to review the fee application and disal-

---

**2.** "We do not mean to imply that Clark Ladner's intra-office conferences were useless. If we thought this, we would disallow all of the time requested for them. However, we fail to find the presence of such 'extremely well-adjusted, extraordinary situations' as to cause us to allow full compensation to all participants in these frequent conferences."

**54**

low any fees that it deems are not reasonable, actual and necessary. The Bankruptcy Court does not commit error or abuse its discretion in disallowing fees that counsel believes to be reasonable. Additionally, Clark Ladner states that "at the hearing on the Motion for Reconsideration, Judge Scholl had an opportunity to question Ms. Walrath regarding the services provided, but chose not to do so." However, applicants cannot rely on the fee petition hearing to "explain" the fee petition. Bankruptcy Rule 2016 requires the inclusion of all necessary information in the submitted fee application. *In re Pettibone,* 74 B.R. 293.

Counsel in this proceeding must be made aware that "[t]he affixing of a judge's signature to an order is not an empty formality." *In re Temple Retirement Community, Inc.,* 97 B.R. 333. It is a judicial confirmation that the fees in question are in fact reasonable and in fact represent compensation for actual and necessary services, measured against the various factors set out in the case law. *Id.; In re Manoa Finance Co., Inc.,* 853 F.2d 687, 690 (9th Cir.1988); *See, Matter of Consolidated Bancshares, Inc.,* 785 F.2d 1249, 1257 (5th Cir.1986). In making a fee determination, the Bankruptcy Court may reduce the hourly rate charged by counsel, *In re: J.A. & L.C. Brown Co., Inc.,* 71 B.R. 197 (E.D.Pa.1987), determine what is the reasonable amount of time an attorney should have to spend on a given project, *In re Pettibone Corp.,* 74 B.R. 293 (1987), and disallow fees that it considers duplicative. *Id.* Thus, this Court finds that the Bankruptcy Court did not abuse its discretion in reducing the hourly rate, disallowing services it considered duplicative, unreasonable and unnecessary.

■ Clark Ladner argues that the Bankruptcy Court erred in failing to delineate with specificity the items of compensation disallowed. This Court does not agree. Clark Ladner cites *In re Buff-Henley Paper Co.,* 75 B.R. 551 (E.D.Pa.1987), in its argument that the Bankruptcy Court must delineate with specificity all of the disallo-

wances made on a fee application. The district court in *In re Buff* states that ... "in this circuit, at least as applicable to discretionary decisions by a district judge, in order for an appellate court to determine whether there was a proper exercise of discretion, some explanation of the reasons why the discretion was exercised in the particular manner that it was is ordinarily required." *Id.* However, *In re Buff-Henley* is distinguishable on the facts. The court in *In re Buff-Henley* was presented with a reduction in the requested legal fees. In that case, no explanation was given by the Bankruptcy Court for this reduction. In the case at bar, the Bankruptcy Court submitted a memorandum out-lining its reasons for the disallowances and fee reductions. *In re Metro,* 78 B.R. at 417 (E.D.Pa.1987).

Clark Ladner contends that *In re Buff* "dictates" that a Bankruptcy Court delineate with specificity the items of compensation disallowed and "dictates" a hearing on motions for reconsideration of fee applications. This Court does not agree. The Bankruptcy Court properly provided its reasoning for disallowance of the fees and expenses. The District Court will not mandate that the Bankruptcy Court delineate with specificity to counsel's satisfaction every reason for every disallowance of every aspect of a fee application. Therefore, the Bankruptcy Court did not abuse its discretion in not disclosing all of its reasons for its reductions and disallowances.

Lastly, Clark Ladner argues that the Bankruptcy Court erred in denying reimbursement of expenses. Counsel may be reimbursed for all types of expenses, including photocopying, provided counsel can show that such expenses were actual and necessary in a particular case. *AIA, Inc.,* 47 B.R. 716 (E.D.Pa.1985). Bankruptcy counsel are afforded the practice of billing for expenses such as photocopying, local transportation, postage, messenger services, lexis research, etc. *AIA, supra.* "A showing of actual and necessary cannot be accomplished merely by listing in the fee application the amount of the expenditure next to the type of expenditure." *Id.*

However, the facts indicate that Clark Ladner presented its expenses as follows:

| | |
|---|---|
| Duplicating | $1,083.05 |
| Messenger Service | 50.73 |
| Special Postage | 74.83 |
| Telephone | 42.41 |
| Local Transportation | 265.98 |
| Telecopy | 14.00 |
| Lexis | 75.00 |
| Total | $1,606.00 |

There is no explanation or detail as to the nature of the expenses or how the expenses relate to the bankruptcy case. The Bankruptcy Court allowed reimbursement for Lexis costs and granted a "compromise" figure in the amount of $400. It is within the Bankruptcy Court's discretion to require an explanation as to nature of the expense as it relates to the particular case. It is also within that court's discretion to reduce expenses that do not state their relation to the case or disallow expenses that the Bankruptcy Court does not consider reasonable, actual and necessary. This Court does not agree with appellants that the Bankruptcy Court did not articulate its reasoning for disallowing and reducing the expenses stated on the fee application. The memorandum contains adequate explanation of the Bankruptcy Court's actions. Thus, except for the portion of the fee application relating to local transportation, this Court does not find that the Bankruptcy Court abused its discretion in reducing and disallowing some of appellants' expenses. As noted previously, it is not within the discretion of the Bankruptcy Court to totally disallow local transportation without explanation or regard for the reasonable, actual and necessary standard.

Therefore, for the reasons set forth in this memorandum, this action is remanded to the Bankruptcy Court for further consideration consistent with this opinion.