**In re Lawrence A. PASTER.**

Civ. A. No. 89–5227.
Bankruptcy No. 86–12529S.

United States District Court,
E.D. Pennsylvania.

Sept. 27, 1990.

Mitchell W. Miller, Philadelphia, Pa., for appellant, pro se.

MEMORANDUM OF DECISION

McGLYNN, District Judge.

This is an appeal from a June 13, 1989 Order of the Bankruptcy Court. The appellant is the attorney for the debtor in a Chapter 13 case. The relevant facts are as follows.

On April 11, 1989, appellant filed an application for attorney's fees in the amount of $1700. On May 4, 1989, the Bankruptcy Court granted appellant's application, but

only in the amount of $1300. Appellant then filed a motion for reconsideration of the amount awarded, which the Bankruptcy Court denied.

Appellant argues that by disallowing his $1700 request for compensation, the Bankruptcy Court erred as a matter of law. Appellant contends that, based upon the circumstances of the case, the $1300 award was unreasonably low.

■ This court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a). When reviewing a Bankruptcy Court decision, the district court acts as an appellate court. Bankr. Rule 8013 (1984). Findings of fact will not be set aside unless clearly erroneous. *U.S. and I.R.S. v. Owens,* 84 B.R. 361 (E.D.Pa.1988). A district court will not reverse a Bankruptcy Court's fee award unless there has been an abuse of discretion by failing to apply proper procedures or legal standards or by basing an award upon findings of fact that are clearly erroneous. *In re Metro Transportation Co.,* 107 B.R. 50 (E.D.Pa.1989) (citing *In re Ferkauf Inc.,* 56 B.R. 774 (S.D.N.Y.1985); *In re Humbert,* 39 B.R. 643 (D.C.Ohio 1984)).

■ It is the function of the bankruptcy judge to determine attorney's fees in bankruptcy cases. *Id.* Although this court gives plenary and *de novo* review to matters at law, factual determinations are to be judged by the "clearly erroneous" standard. *In re Meade Land & Development Co., Inc.,* 527 F.2d 280 (3d Cir.1975).

Section 330(a) of the Bankruptcy Code provides that a bankruptcy court may award the debtor's attorney:

1) reasonable compensation for actual, necessary services rendered by such ... attorney ... based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title. ...

11 U.S.C. § 330(a) (1988). The procedure for determining reasonable compensation requires the court to establish lodestars for attorney's fees. Lodestars are established by multiplying a reasonable hourly rate by the number of hours reasonably and necessarily spent rendering services.[1] The reasonable hourly rate is set by the court based upon a number of factors, "including the difficulty of the task, the prevailing market rate for counsel of petitioner's experience, counsel's normal billing rate, and the rates awarded by other courts in similar circumstances." *Jungkurth v. Eastern Financial Services Inc.,* 87 B.R. 333, 337 (E.D.Pa.1988) (citing *Swicker v. William Armstrong & Sons Inc.,* 484 F.Supp. 762, 767 (E.D.Pa.1980)).

In addition, the court must make sure that the attorney has exercised a "good faith effort to exclude from a fee request

---

1. The procedure for awarding attorney's fees was established in *Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Sanitary Corp.,* 487 F.2d 161, 166 (3d Cir.1973), and *Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Sanitary Corp.,* 540 F.2d 102, 114 (3d Cir.1976), and was endorsed by the Third Circuit Task Force in "Court Awarded Attorney's Fees, Report of the Third Circuit Task Force," 108 F.R.D. 237 (1985).

Appellant suggests in his brief that this court should use the standard articulated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974), in order to arrive at a "reasonable" attorney's fee. The *Johnson* court employed a 12-factor analysis to determine reasonable attorney's fees. Among these factors were "[t]he novelty and difficulty of the [legal] questions [presented], *id.* at 718, [t]he experience, reputation and ability of the attorneys," *id.,* and "[t]he amount involved and the results obtained," *id.*

Appellant claims that the Bankruptcy Court erred as a matter of law in failing to consider all the *Johnson* factors, particularly the "results obtained" element. A review of current law renders the *Johnson* analysis inapplicable as the *per se* method of fee award calculation in the federal courts. *Matter of Cena's Fine Furniture, Inc.,* 109 B.R. 575, 581 (E.D.N.Y.1990). The lodestar method of fee calculation, developed by the Third Circuit in *Lindy,* is *the* method of determining attorney's fees in all federal courts, including the Bankruptcy Courts. *Id.* The lodestar amount is presumed to subsume the 12 factors articulated by the *Johnson* court. *Id.* (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 563, 106 S.Ct. 3088, 3097, 92 L.Ed.2d 439, 453–55 (1986)). Thus, the Bankruptcy Court did not err simply because it did not employ the *Johnson* 12-factor analysis when determining appellant's fee.

hours that are excessive, redundant or otherwise unnecessary." *Metro*, 107 B.R. at 52 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (a non-bankruptcy case)). If the court finds that the attorney's fee request oversteps the bounds of the "actual and necessary" standard imposed by Section 330(a)(1), the Bankruptcy Court is within its discretion to act as client and object to the excessive fee. *Id.*

In making a fee determination, the Bankruptcy Court may reduce the hourly rate charged by counsel, and may also determine what amount of time counsel should have reasonably expended on the matter. *Id.* (citing *In re J.A. & L.C. Brown Co., Inc.*, 71 B.R. 197 (Bkrtcy.E.D. Pa.1987); *In re Pettibone Corp.*, 74 B.R. 293 (Bkrtcy.N.D.Ill.1987). The Bankruptcy Court is required, at least with respect to services that counsel conducted outside the presence of the court, to provide some basis for the fee reduction in the record. *See Cunningham v. City of McKeesport*, 807 F.2d 49 (3d Cir.1986) (a non-bankruptcy case), *cert. denied*, 481 U.S. 1049, 107 S.Ct. 2179, 95 L.Ed.2d 836 (1987).

In the case at bar, appellant argues that the Bankruptcy Court should have granted his $1700 fee request in full since there was no objection from his client, the trustee or any creditors. Appellant further argues the $1300 award, or $69.52/hour, is an unreasonably low award for an attorney with over 40 years of bankruptcy experience who obtained an excellent result for his client.

In order to assess appellant's challenges this court will look to the testimony given at the hearing before the Bankruptcy Court on appellant's motion to reconsider. At the hearing on appellant's motion to reconsider, the Bankruptcy Court noted that although the case was "not a routine [Chapter] 13 [case]," the fee to which the appellant was entitled was "a question of degree" because the court "[did]n't know that [the case] was so difficult ... there [were]n't even any motions really."

The court also noted that appellant had negotiated with the Internal Revenue Service about tax problems throughout the entire matter, and that time was spent with both the debtor and the debtor's wife before the filing date. The Bankruptcy Court explained, however, that it was "not sure [it] could count" the hours appellant spent on the case prior to filing. The court further stated that it was "really not inclined to change [the $1300 fee] ... $1300 is, [we] think, enough on this case ... [we] really do ... even though you've done an excellent job."

The law, in this circuit at least, requires more than a visceral reaction to a fee application. The record does not reflect why the Bankruptcy Court thought that appellant's $1700 request was unreasonable or, on the other hand, how the court determined that $1300 was reasonable.

The Bankruptcy Court addressed the issues of appellant's pre-filing contacts with the debtor and the Internal Revenue Service, and commented upon the lack of motions in the case, thus suggesting that it was a routine case, but the court did not specifically take issue with the number of hours or the hourly rate. Under these circumstances we conclude that it was an abuse of discretion for the Bankruptcy Court to reduce counsel's fee from $1700 to $1300.

### ORDER

AND NOW, this 25th day of SEPTEMBER, 1990, it is

### ORDERED

that the Order of the Bankruptcy Court dated June 13, 1989, awarding appellant attorney's fees in the amount of $1300, is hereby VACATED and the matter REMANDED to the Bankruptcy Court with directions to enter a fee award in the amount of $1700.