**In re BANK OF NEW ENGLAND CORPORATION, Debtor.**

**Appeal of COOPERS & LYBRAND.**

**Civ. A. No. 92–10657–Y.**

United States District Court,
D. Massachusetts.

June 30, 1992.

Andrew Zane Schwartz, David Dodds VanSpeybroeck, Stanley B. Bernstein, Foley, Hoag & Eliot, Boston, Mass., for appellant.

Deborah Seltzer Griffin, Peabody & Arnold, Terry L. Gibson, U.S. Dept. of Justice, Boston, Mass., for appellees.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

■ This is an appeal from a judgment of the United States Bankruptcy Court for the Eastern District of Massachusetts. This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a) (1988). The appellant, Coopers & Lybrand ("Coopers"), argues that the bankruptcy court erred by reducing Coopers' $550,000 request for professional fees by 42% and awarding only $319,000.[1] Coopers also argues that the bankruptcy court erred by denying the Motion of Coopers and Lybrand for Reconsideration of the Order and Opinion Granting Interim Compensation ("Motion for Reconsideration"). No opposition has been filed to the instant appeal.[2] After consideration of the Record on Appeal ("R.") and an oral

hearing held on June 9, 1992, this Court affirms the judgment of the bankruptcy court. The standard of review on appeal from a bankruptcy judge's order allowing or disallowing professional fees is whether the bankruptcy judge "abused his discretion,—*i.e.*, failed to apply proper procedures or legal standards, or made factual findings that were clearly erroneous." *Matter of Cena's Fine Furniture, Inc.*, 109 B.R. 575, 580 (Bankr.E.D.N.Y.1990) (quoting *In re Ferkauf, Inc.*, 56 B.R. 774, 775 [Bankr.S.D.N.Y.1985]; *see* Federal Rule of Bankruptcy Procedure 8013 [1988]).[3]

## I. DETERMINING A REASONABLE FEE

■ Coopers argues that the bankruptcy court made factual findings that were clearly erroneous. In support of this argument, Coopers alleges that the bankruptcy court inappropriately based its 42% reduction in fees upon a review of less than 2% of the time entries contained in Coopers' fee application. This argument is misplaced. The bankruptcy court examined the entire fee application and offered examples of nine specific time entries that it felt were overstated because they did not correspond with the time entries on other applications submitted to the court. *See In re Bank of New England Corp.*, 134 B.R. 450, 467–68 (Bankr.D.Mass.1991). The court stated that "[t]here were a number of other entries which the Court could not balance against the reports of other participants. . . . [that] have all been ignored for purposes of this discussion." *Id.* at 468. The court also noted the existence of numerous entries that merely state that a meeting occurred, without explaining the necessity for that meeting. *Id.* The court cited other non-descriptive entries such as "tax analysis," "FDIC issues," and "leveraged leases." *Id.* The court noted entries

---

1. Coopers does not appeal the bankruptcy court's award of less than the requested amount of expenses.

2. The United States Trustee filed a statement reporting that while it objected to the original fee request, the grounds for objection were not those relied upon by the bankruptcy court to

justify its decision. For this reason, the United States Trustee expresses no opinion on the issues presented by this appeal.

3. For a recitation of the factual and procedural background of this appeal, *see In re Bank of New England Corp.,* 134 B.R. 450 (Bankr. D.Mass.1991).

for typing, photocopying, filing, and other administrative support that it determined should properly be categorized as overhead and not separately compensable. *Id.* In short, the court examined the entire application, determined it was deficient, and cited some examples of its deficiency. It did not merely review 2% of the fee request, nor find deficiencies amounting to merely 2%.

This Court agrees with the bankruptcy court that courts should not "spend[ ] nonexistent Court resources to track down every entry, correlate them against other fee applications, and ... delete those entries insufficiently substantiated...." *Id.; see In re Cascade Oil Co., Inc.*, 126 B.R. 99, 108 n. 8 (D.Kan.1991) ("The bankruptcy court need not delineate each disallowance and reason for it") (citing *In re Metro Transp. Co.*, 107 B.R. 50, 54 [E.D.Pa. 1989]). The bankruptcy court did not abuse its discretion in determining that 42% of the fee application was overstated.

■ Coopers also argues that the bankruptcy court erred by failing to apply the appropriate legal standard for determining a reasonable fee. In the First Circuit, and others, the prevailing approach to awarding professional fees is the "lodestar" method. *See, e.g., In re Spillane*, 884 F.2d 642, 647 (1st Cir.1989); *In re Casco Bay Lines, Inc.*, 25 B.R. 747, 755–56 (Bankr. App. 1st Cir.1982). Under this method,

> the fee-setting court first establishes a "threshold point of reference" or the "lodestar," which is the number of hours reasonably spent by each [professional] multiplied by his reasonable hourly rate.... This lodestar can then be adjusted up or down to reflect a variety of factors, such as delay in payment, quality of representation, and the results obtained, if they have not already been taken into account in computing the lodestar.

*Boston & Maine Corp. v. Moore*, 776 F.2d 2, 7 (1st Cir.1985).

Coopers asserts that although the bankruptcy court professed an allegiance to the lodestar approach, *see In re Bank of New England Corp.*, 134 B.R. at 453, it failed to apply it. In support of this argument, Coo-

pers cites the following four cases in which a higher court found that a bankruptcy court had abused its discretion in determining an appropriate fee award. Each case, however, is distinguishable from the instant one.

In *In re Cascade Oil Co.*, 126 B.R. at 107, the bankruptcy court cited deficiencies that constituted only 2% of the hours in the fee application, yet the court reduced the award by 25%. The district court found that the bankruptcy judge failed to "articulate the decisions it made, give principled reasons for those decisions, and show its calculation." *Id.* at 107–08. The district court therefore remanded the case for an explanation, since "[i]n none of its orders or rulings from the bench did the bankruptcy court state that the reductions represent the amount of inadequate entries." *Id.* at 108. In the instant case, by contrast, the bankruptcy judge stated that the reduction represented the number of inadequate entries. *In re Bank of New England*, 134 B.R. at 468.

In *In re Metro*, 107 B.R. at 53, the bankruptcy court automatically cut fees for intra-office conferences by 50%, based on its own general guidelines. The district court found that doing so violated the standard in 11 U.S.C. § 330(a) (1988) which requires the bankruptcy court to weigh the reasonableness of the time or of the specific task. *Id.* In the instant case, the bankruptcy court based its 42% reduction on its evaluation of the reasonableness of the actual hours spent. It did not apply a mechanical formula unrelated to the case at hand.

Similarly, in *Matter of Cena's Fine Furniture*, 109 B.R. at 581, the district court found that the bankruptcy court failed to apply the lodestar method when, after finding that the fee application lacked specificity of description, it "completely abandoned the time records supplied by [the applicant] and 'fix[ed] an award for the *minimum* time necessary to provide the *minimum* required services, estimated on the basis of the court's own experience in these matters.'" (footnote omitted) (emphasis in original). In the instant case, the bankruptcy court neither abandoned the time records

nor substituted its own evaluation. The court merely discounted those entries it felt were not substantiated by the evidence. The estimate was not based on the bankruptcy court's determination of how long such matters should have taken, but rather, on the percentage of entries insufficiently described or inconsistent.

Lastly, in *In re Paster*, 119 B.R. 468, 470 (E.D.Pa.1990), the district court vacated a decision of the bankruptcy court which reduced a fee from $1,700 to $1,300 and instead awarded the full amount. The district court reasoned that "[t]he record does not reflect why the Bankruptcy Court thought that appellant's $1700 request was unreasonable or, on the other hand, how the court determined that $1300 was reasonable." *Id.* The bankruptcy court must "provide some basis for the fee reduction in the record.... [t]he law, ... requires more than a visceral reaction to a fee application." *Id.* Again, in the instant case, the bankruptcy court provided a detailed analysis of its reasons for disallowing the full fee request.

For the above reasons, this Court concludes that the bankruptcy court did not abandon the lodestar approach. Rather, the bankruptcy court announced its intention to use the approach at the beginning of its analysis, *In re Bank of New England*, 134 B.R. at 453, and then proceeded to determine the reasonable number of hours worked. Using the hourly rate supplied in the original fee application, the bankruptcy court multiplied the reasonable number of hours worked by the reasonable hourly rate in order to compute the fee award. *Id.* The bankruptcy court did not make an arbitrary judgment as to the amount of the deduction.

## II. MOTION FOR RECONSIDERATION

■ Coopers argues that the bankruptcy court erred by (1) narrowly defining the standard to be applied to a motion for reconsideration and (2) failing to consider the merits of Coopers' motion.

■ A motion for reconsideration cannot be considered "a vehicle for raising issues or citing authorities a party could or should have presented prior to the court's ruling. It is not a vehicle for rehashing arguments previously made or for refuting the court's prior ruling." *In re Grand Builders, Inc.*, 122 B.R. 673, 675–76 (Bankr.W.D.Pa.1990) (citing *Lelsz v. Kavanagh*, 112 F.R.D. 367, 371 [N.D.Tex.1986] ). Coopers urges that a motion for reconsideration is appropriate where "the Court ... has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error ... of apprehension." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983). In the instant case, however, the bankruptcy court stated that " ... a [m]otion to reconsider a decision disallowing fees may be granted only if there has been newly discovered evidence or a manifest error of law or fact." Memorandum Decision Regarding Motion of Coopers & Lybrand for Reconsideration of Order and Decision Granting Interim Compensation ("Memorandum on Reconsideration") (citing *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F.Supp. 656, 665 [N.D.Ill.1982], *aff'd*, 736 F.2d 388 [7th Cir. 1984]; *In re Oak Brook Apartments*, 126 B.R. 535 [Bankr.S.D. Ohio 1991]; *In re Pettibone Corp.*, 74 B.R. 293, 300 [Bankr. N.D.Ill.1987] ).[4]

■ The essence of Coopers' argument in support of its Motion for Reconsideration, and its appeal, is an offer of proof to explain the reasonableness of its fees and explain away inconsistencies and over staffing. As one bankruptcy judge explained in another context, "[a]n application for fees should be self-contained, including enough material on its face for us to review the charges." *In re New England Caterers, Inc.*, 115 B.R. 724, 729 (Bankr. D.Mass.1989) (citations omitted). A failure to provide detailed records warrants the reduction or disallowance of fees. *See Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 952 (1st Cir.1984) ("[I]n cases involving fee applications for services rendered after the date of this opinion [1984], the absence of detailed contemporaneous time records, except in extraordinary circumstances, will call for a substantial reduction

4. R. at 1373.

in any award or, in egregious cases, disallowance"). Since Coopers has done nothing more in its appeal and Motion for Reconsideration than explain in greater detail things which the bankruptcy court reasonably could not determine from the application it reviewed, this Court concludes that the bankruptcy court did not abuse its discretion by denying the Motion for Reconsideration.[5]

Coopers also argues that the bankruptcy judge inappropriately raised the issue of over-billing *sua sponte* and, as a result, misapprehended a number of important time entries. Coopers argues that, because the fee application hearing focused on different issues, it was not aware of the court's concerns until it read the written decision.

Coopers' argument that the bankruptcy judge cannot raise issues *sua sponte* is misplaced: "The bankruptcy judge can and must apply his own expertise *sua sponte*, if necessary, in order to be fair to both counsel and creditors because, in the final analysis, either excess generosity or extreme miserliness in allowing fees will reflect in the public perception of the system." *In re Pettibone Corp.*, 74 B.R. at 300 (citing Lavien, *Fees as Seen from the Bankruptcy Bench*, 89 Com.L.J. 136, 138 [March 1984]). "Because objections to fees are presented so rarely in bankruptcy, the Court's role in this regard is critical." *Id.*[6]

Finally, Coopers argues that the bankruptcy judge should have held a hearing in order to resolve any disputed issues of fact raised by its evidentiary submission in support of its Motion for Reconsideration. This Court disagrees. The initial fee application, on its face, should be sufficient to satisfy the applicant's burden of proof. *Id.* The initial fee application hearing was the proper forum for Coopers to present any evidence it wished the bankruptcy court to consider. *Matter of U.S. Golf Corp.*, 639 F.2d 1197, 1207–08 (5th Cir. 1981).[7]

> Applicants cannot rely on the fee petition hearing to "explain" the fee petition. Life is too short and the daily court call is too crowded to allow valuable court time for such verbal explanations and testimony thereon. Applicants must put the explanations in writing and may submit accompanying affidavits containing further explanations or details if necessary.

*In re Pettibone*, 74 B.R. at 300. This Court is aware of no authority standing for the proposition that "applicants may supplement petitions or present evidence *after* the court has ruled on the application." *Id.* (emphasis in original).

> Indeed, given the heavy flow of work through the bankruptcy courts and the many hundreds of fee petitions passed on by each bankruptcy judge each year (certainly over a thousand in both Chapter 7 and Chapter 11 cases) [in Illinois], counsel must be held to the ordinary standards for reconsideration. *Otherwise, many fee applications would be heard*

---

**5.** In its Motion for Reconsideration, Coopers also argued that the bankruptcy court committed an error of fact by confusing the date of one of the nine inconsistencies it mentioned in its opinion. The bankruptcy court, in its Memorandum on Reconsideration, acknowledged this error but did not alter its calculations. This Court finds that the bankruptcy court did not abuse its discretion since that court is under no obligation to justify its determination of a reasonable fee by citing to each and every error it finds in a fee application.

**6.** Since objections are rarely presented in bankruptcy court, only moderate weight should be given to the affidavit submitted by John L. Whitlock, the interim trustee for the Bank of New England who praises the work performed by Coopers (R. at 1202–03).

**7.** In *Matter of U.S. Golf Corp.*, 639 F.2d at 1207–08, the Fifth Circuit rejected the appellant's argument that he was entitled to know the specific basis of the court's objections to his claimed hours in order that he might respond specifically to them during the evidentiary hearing. Although the Fifth Circuit stated that the better practice would have been for the bankruptcy court to confront the attorney with its general objections, a court's failure to do so is not adequate ground for reversal since the burden to demonstrate the reasonableness of hours spent was on the appellant who was afforded an evidentiary hearing at which to establish that fact. *Id.*

*twice since attorneys would take a second bite at the apple after the fees they seek are reduced.*

*Id.* (emphasis added).[8]

For these reasons, this Court concludes that the bankruptcy court gave Coopers all the process that was due. *See Grendel's Den, Inc.,* 749 F.2d at 951 ("[A] request for attorney's fees should not result in a second major litigation") (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 [1983]). While it could have entertained the motion for reconsideration on the merits, it was under no obligation to do so.

## III. CONCLUSION

For the foregoing reasons, the judgment of the bankruptcy court in *In re Bank of New England Corp.* and in its Memorandum on Reconsideration are AFFIRMED.

---

8. In *Pettibone,* however, the court did reconsider the merits of the application.