**In re DURASTONE COMPANY, INC., Durastone Flexicore Corporation, Debtor.**

**DURASTONE CORPORATION and Higginson Avenue Realty Corporation, Plaintiffs,**

v.

**DURASTONE FLEXICORE CORPORATION, Nandy M. Sarda, S. Henle, Inc., and Edward H. Beretta and G. Chandler Beals as Trustees of the Durastone Liquidating Trust U/I/T Dated September 30, 1988, Defendants.**

**Bankruptcy Nos. 93–10653, 93–10654. Adv. No. 93–1197.**

United States Bankruptcy Court, D. Rhode Island.

March 7, 1995.

Peter Lawson Kennedy, Adler, Pollock & Sheehan, Providence, RI, for plaintiffs Durastone Corp. and Higginson Ave. Realty Corp.

Kevin M. Brill, Providence, RI, for defendants Nandy M. Sarda and Durastone Flexicore Corp.

Mark A. Charleson, Providence, RI, for defendant S. Henle, Inc.

Louis V. Jackvony, Lincoln, RI, for defendants Edward H. Beretta and G. Chandler Beals.

Sheryl Serreze, Office of U.S. Trustee, Providence, RI.

## AMENDED ORDER DETERMINING INTERVENOR COUNSEL'S COMPENSATION

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on January 11, 1995, on the fee application of Adler, Pollock & Sheehan, counsel for the Intervening Plaintiffs, requesting $28,047.50 in fees and reimbursement of $1,426.38 in expenses.

Having examined the request according to the standards applicable in this Circuit as described in *Furtado v. Bishop*, 635 F.2d 915 (1st Cir.1980), and applied in *In re Swansea Consol. Resources, Inc.*, 155 B.R. 28 (Bankr. D.R.I.1993); *In re Bank of New England Corp.*, 134 B.R. 450 (Bankr.D.Mass.1991), *aff'd*, 142 B.R. 584 (D.Mass.1992); and *In re 321 South Main Street, L.P.*, 155 B.R. 41 (Bankr.D.R.I.1993), we make the following findings:

To determine the appropriate hourly rate and number of hours reasonably expended, we have considered the *Johnson* factors that are applicable in this case, i.e., (1) the time and labor required; (2) the novelty and difficulty of the question presented; (3) the skill required to perform the legal services; (4) the customary fee in the community; (5) the amount involved and the results obtained; (6) the experience, reputation and ability of the attorney; and (7) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974); *see also King v. Greenblatt*, 560 F.2d 1024 (1st Cir.1977), *cert. denied*, 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978); *Swansea*, 155 B.R. at 31.

▇ Upon consideration of the foregoing factors, we find that the hourly rates charged by the Applicant are excessive, and reduce the Applicant's hourly rate to a *maximum* of $200, for a blended hourly rate of

$165.16. *See In re Swansea*, 155 B.R. at 32.[1] As for the hours reasonably expended, that number in the application is also excessive, and the total hours billed are reduced by fifty percent, for the following reasons:

(a) The purpose of an interpleader action, and the scope of the services of counsel for the intervening plaintiffs are narrow: In this instance, the Applicant has not shown the need or the justification for becoming so broadly involved in the underlying dispute between the Defendants. That the Plaintiff-Intervenors elected to do so is a matter between them and their attorneys. That decision, however, is not one that should unilaterally obligate the Defendants to pay legal expenses, at Adler, Pollock & Sheehan rates, for services the Defendants did not ask Adler, Pollock & Sheehan to perform. The other side of the coin, however, is that *some* of the extra time expended by the Plaintiffs' counsel was necessitated by the Defendants' actions in refusing, without cause shown, to comply with simple requests such as signing a release of lien in favor of the Plaintiffs, and we have taken this behavior into consideration.

(b) The application is not in a standard format, and it is difficult to analyze the reasonableness of the time expended, based on the information provided. *See* Local Bankr.R. 25(A). In many instances the Applicant has lumped various services within a single time entry, obscuring the reasonableness of the time expended on such services. *See Swansea*, 155 B.R. at 32–33. In addition, the Applicant has failed to provide a detailed breakdown of time spent by the various professionals, i.e., partners, associates, and paralegals. This omission hinders the process of determining whether there has been an appropriate delegation of duties to lower priced professionals.

(c) The time charged for interoffice conferences is excessive. *See In re Yankee Seafood Corp.*, 53 B.R. 285, 286 (Bankr.D.R.I.1985);

---

1. We have recently adjusted upward the maximum hourly rate for bankruptcy professionals in this District to $275, for exceptional service in extraordinary cases. *See In re Almacs*, 178 B.R. 598 (Bankr.D.R.I.1995). We believe that a maximum rate of $200 per hour in the instant case is on the high side of reasonableness, considering the complexity of the issues and the nature of the services provided.

*In re Casco Bay Lines, Inc.,* 25 B.R. 747, 755 (Bankr. 1st Cir.1982).

(d) The Applicant bills in one quarter hour increments, as opposed to one tenth hour segments. *See In re Corporacion de Servicios Medico–Hospitalarios de Fajardo, Inc.,* 155 B.R. 1, 2–3 (Bankr.D.P.R.1993); *In re Smuggler's Beach Properties, Inc.,* 149 B.R. 740, 745 (Bankr.D.Mass.1993); *Swansea,* 155 B.R. at 33 (holding that a percentage reduction is appropriate when the reasonableness of the fees requested is not readily ascertainable based on the information provided).

■ The following requests for reimbursement of expenses are reduced by 75% because of insufficient backup. *See In re 321 South Main Street,* 155 B.R. at 43.

(a) Messenger service/express mail—amount requested $137.85; less 75% equals $34.46.

(b) In-house photocopies—amount requested $98.20; less 75% equals $24.55.

Accordingly, based on a blended hourly rate of $165.16, multiplied by 77, the number of hours reasonably expended as counsel for the Plaintiff/Intervenors, Adler, Pollock & Sheehan is allowed compensation in the amount of $12,717, and expenses of $1,249.38.