In re ARMSTRONG STORE FIXTURES CORPORATION, Debtor.

In re CUSTOM CONCEPTS, INC., Debtor.

In re BENTLEY INDUSTRIES, INC., Debtor.

Bankruptcy Nos. 91–2942–BM, 91–4235–BM and 91–4264–BM. Motion No. 91-7779M.

United States Bankruptcy Court, W.D. Pennsylvania.

April 21, 1992.

Edward A. Olds, Pittsburgh, Pa., Claudia Davidson, Healey Whitehill, P.C., Pittsburgh, Pa., for movants.

Joel M. Helmrich, Tucker Arensberg, P.C., Pittsburgh, Pa., for debtors.

James R. Walsh, Spence, Custer, Saylor, Wolfe & Rose, Johnstown, Pa., Chapter 7 Trustee.

Stuart S. Mermelstein, Kirkpatrick & Lockhart, Pittsburgh, Pa., for Committee of Unsecured Creditors.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Before the Court is a motion by the United Electrical, Radio and Machine Workers of America and the International Union of Electronic, Electrical, Technical Salaried and Machine and Furniture Workers (hereinafter "movants") to reconsider this court's order of January 2, 1992, which denied their Motion To Pay Claims Pursuant To 11 U.S.C. § 1113(f). Movants maintain that this court "misconstrued the congressional intent underlying 11 U.S.C. § 1113(f) and therefore erred when it denied the motion".

Debtors, NBD Bank, N.A., and The Official Committee of Unsecured Creditors oppose the motion on various grounds.

The motion for reconsideration of this court's Memorandum Opinion and Order of Court of January 2, 1992, will be denied for reasons set forth below. Said decision was rendered based upon the pleadings that were before the court as well as the evidence and argument offered at hearing on December 12, 1991. Counsel seems to view proceedings as a living, growing organism which changes as time passes and circumstances develop. A court cannot function wherein it renders a decision based upon offerings and is thereafter requested to reconsider based upon new facts or new theories. The decision of January 2, 1992 was based upon the offerings of December 12, 1991, and will not be reconsidered.

-I-

## FACTS

Movants are parties to collective bargaining agreements with the above debtors.

On October 24, 1991, movants filed a motion to pay claims pursuant to 11 U.S.C. § 1113(f) in which they alleged that debtors had violated the collective bargaining agreement by failing to pay wages and other benefits to their employees, as provided for in said agreements. Movants argued that employee claims arising from debtors' violations of § 1113(f) were entitled to "the highest priority", without regard as to whether these claims qualified as priority claims pursuant to 11 U.S.C. § 507(a), and should be paid immediately.

A Memorandum Opinion and Order of Court were issued on January 2, 1992 in connection the motion. See *In re Armstrong Store Fixtures Corp.*, 135 B.R. 18 (Bankr.W.D.Pa.1992). The court determined that debtors had failed to pay wages and benefits, as provided for in the collective bargaining agreements; and that said failure constituted a unilateral alteration of those agreements and therefore was in violation of 11 U.S.C. § 1113(f). However, the court *rejected* movants' contention that § 1113(f) supersedes and renders 11 U.S.C. § 507(a) inoperative when determining the priority to be accorded employee claims arising from a violation of § 1113(f). The motion to pay claims immediately was denied because movants failed to demonstrate at that time that the claims were entitled to "highest priority".

Additionally, it did not then and does not now appear appropriate to order an immediate payment of funds if debtors have no funds with which to comply. If funds were available but were encumbered, it did not then and does not now appear lawful to utilize those encumbered funds to pay this creditor.

Finally, it appeared to the court that utilizing movants theory could lead to an absurd result. Specifically, one type of worker could provide a service and be paid in full solely because he was covered by a collective bargaining agreement, whereas another worker who is not covered by said agreement, but provides a similar service for the same employer, might receive nothing.

We envision the following possible scenario. Employees A and B both come to work wearing their employer's uniform. Employee A works at assembly line I and takes the employer's product, provides a service, and places it on a table. Thereafter employee B takes said product from the table, provides a similar service, and places it on assembly line II. If A were covered by a collective bargaining agreement and B not, then A might be paid in full in bankruptcy whereas B might receive nothing.

While this example is certainly extreme, it is certainly not impossible or improbable. Had Congress truly intended such a result, it would have said so in clear, unequivocal language.

Movants subsequently filed the motion to reconsider which is presently before the court. The gist of the legal theory offered in support of the present motion is vague and is not easily understood or summarized. As a result, it is not possible to state unequivocally whether movants are offering a *new* legal theory in support of their motion or merely are *rehashing* the same theory which was presented in sup-

port of the original motion. They are clearly attempting to add facts and/or prayers for relief not offered at trial.

On the one hand, movants now contend that their case somehow should be analyzed in accordance with 11 U.S.C. § 365, which pertains to executory contracts. According to movants, a collective bargaining agreement which has not been rejected prior to entry of the order for relief is automatically assumed by operation of law as of the date of the bankruptcy filing and may be rejected thereafter only with court approval. They further argue that claims which arise from the subsequent rejection or breach of a previously assumed executory contract are to be analyzed in accordance with 11 U.S.C. § 365(g). Such claims, movants contend, are to be accorded administrative priority and immediately paid. As of the date of the original hearing, the evidence seemed to indicate that debtor had no funds with which to pay and/or that if it had funds that they were encumbered.

On the other hand, a critical portion of the argument presented in support of the motion to reconsider merely repeats a critical portion of the argument presented in support of the original motion. Nearly two pages are identical and merely restate word for word a portion of the previous argument. In this regard, the argument now presented appears to be no different from the previous one.

-II-

ANALYSIS

■ The law pertaining to motions to reconsider is settled and clear. Not every motion to reconsider is automatically entitled to reconsideration. Certain conditions must first be satisfied. The purpose of a motion to reconsider is to correct manifest errors of fact or law or to present newly discovered evidence. See *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d. Cir.1985). A motion to reconsider is appropriate where the court has misapprehended either a party's position or the facts or the law, or where the court has decided issues other than those presented for determination by the parties. *Refrigeration Sales Co. v. Mitchell–Jackson, Inc.,* 605 F.Supp. 6, 7

(N.D.Ill.1983), *aff'd* 770 F.2d 98 (7th Cir. 1985).

■ A motion to reconsider may *not* be used to present a *new* legal theory for the first time or to raise legal arguments which could have been raised in connection with the original motion. *Matter of Sisson,* 668 F.Supp. 1196, 1197 (N.D.Ill.1983) (citing *Publishers Resource v. Walker–Davis Publications,* 762 F.2d 557, 561 (7th Cir.1985)). Also, a motion to reconsider may *not* be used to *rehash* the same arguments presented the first time or simply to express the opinion that the court was wrong. *MGIC Indemnity Corp. v. Weisman,* 803 F.2d 500, 505 (9th Cir.1986). The standard for granting a motion to reconsider is strict in order to preclude repetitive arguments that have already been fully considered by the court. *Park South Tenants Corp. v. 200 Central Park South Associates,* 754 F.Supp. 352, 354 (S.D.N.Y. 1991).

The motion to reconsider now before the court will be denied. As has been noted, it is impossible to say with confidence whether movants now are presenting a *new* legal theory which could have been presented previously or are merely *rehashing* the same theory all over again. The motion must be denied in either event.

■ To the extent that movants are setting forth a *new* legal theory, the motion to reconsider must be denied for several reasons.

In the first place, the theory is unsound and without merit. Underlying movants "new" argument is the premise that collective bargaining agreements should be analyzed in accordance with 11 U.S.C. § 365 as executory contracts which had been assumed and then were rejected. Their reliance upon § 365 is misplaced.

The Supreme Court in *N.L.R.B. v. Bildisco and Bildisco,* 465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984), treated collective bargaining agreements as executory contracts which could be rejected pursuant to § 365 and held that rejection should be allowed when the inability of the parties to the collective bargaining agreement to reach agreement on modification or termination threatens debtor's chances of suc-

350

cessfully reorganizing. A legal firestorm followed and Congress responded to *Bildisco* by promptly enacting § 1113 of the Bankruptcy Code. Subsection (a) expressly provides that assumption or rejection of a collective bargaining agreement may occur only in accordance with § 1113. The net effect was to *remove* the analysis of collective bargaining agreements from the purview of § 365. It makes little sense to argue, as do movants, that the status to be accorded claims arising from a violation of § 1113(f) is to be determined in accordance with the provisions of § 365.

Also, this "new" theory (if indeed it is new) could have been raised previously but was not. There has been no change in the law since the original motion was filed. Movants will not be permitted to raise this theory now.

■ The motion to reconsider must also be denied to the extent that they are merely *rehashing* the same theory that was raised previously and was rejected by the court after due consideration. There has been no showing by movants that the court misapprehended the law in previously denying this theory. To the contrary, this argument appeared merely to be ballast to their more salient points. Our memory indicates this moving party, as well as the court, gave this makeweight argument little consideration.

The court is disturbed by the conduct of movants' counsel. Counsel is not a novice and has appeared before this court in countless other cases. Counsel routinely files a motion to reconsider virtually every time that the court rules against counsel's client. Sometimes counsel merely rehashes his prior argument. At other times he devises a new argument in the hope that the court will be persuaded the second time.

As busy as this court is, it nonetheless is required to review the evidence and the applicable law and to render a sound decision the first time that a matter is brought before it. The court does not have the luxury of treating its first decision as a dress rehearsal for the next time. The court is required to "get it right" the first time.

No less is expected of counsel. Initial arguments are *not* to be treated as a dress rehearsal for a second attempt to prevail on the same matter. Counsel is also expected to "get it right" the first time and to present all the arguments which counsel believes support its position. Arguments which counsel did not present the first time or which counsel elects to hold in abeyance until the next time will not be considered. Arguments which were fully considered and rejected by the court the first time will not be considered when repeated by counsel the second time. Counsel does a disservice to his clients by such unprofessional conduct.

An appropriate Order shall be issued.

ORDER OF COURT

AND NOW at Pittsburgh this 21st day of April, 1992, in accordance with the accompanying Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that the Joint Motion To Reconsider Order On Motion To Pay Claims submitted by the United Electrical, Radio And Machine Workers of America and The International Union of Electronic, Electrical, Technical Salaried And Machine and Furniture Workers be and is DENIED.