**In re WEDGESTONE FINANCIAL, Debtor.**

**Bankruptcy No. 91–16930–WCH.**

United States Bankruptcy Court, D. Massachusetts.

June 4, 1992.

———

David Landers, pro se.

Denise Savage, Savage & Geron, New York City, for Stonehill.

Christopher Panos, Craig & Macauley, Boston, Mass., for debtor.

### MEMORANDUM DECISION REGARDING MOTION FOR RECONSIDERATION

WILLIAM C. HILLMAN, Bankruptcy Judge.

David Landers ("Landers"), an equity holder of Wedgestone Financial ("Wedgestone") filed a Motion for Reconsideration. He asks that the Court reconsider the orders denying Stonehill Recreation ("Stonehill") permission to file its disclosure statement late and confirming Wedgestone's plan of reorganization. Stonehill filed an application and memorandum of law joining and in support of Landers' motion. Wedgestone and the Official Committee of Unsecured Creditors filed objections to the motion.

Subsequent to the order denying Stonehill permission to file its disclosure statement late, Stonehill filed a motion for reconsideration. The Court denied the motion. The Court will not reconsider that order for the same reasons set forth in the denial of the first motion for reconsideration.

Both Landers and Stonehill offer several arguments for the reconsideration of the second order. Chief among these reasons are Stonehill's plan is better, insufficient disclosure was given with respect to Wedgestone's plan, and inadequate testi-

**8**

mony was offered at the confirmation hearing.

A motion for reconsideration is not a means by which parties can rehash previously made arguments. *In re Grand Builders, Inc.*, 122 B.R. 673, 675 (Bankr. W.D.Pa.1990). As one court aptly stated:

As busy as this court is, it nonetheless is required to review the evidence and the applicable law and to render a sound decision the first time that a matter is brought before it. The court does not have the luxury of treating its first decision as a dress rehearsal for the next time. The court is required to 'get it right' the first time.

No less is expected of counsel. Initial arguments are not to be treated as a dress rehearsal for a second attempt to prevail on the same matter. Counsel is also expected to 'get it right' the first time and to present all the arguments which counsel believes support it position. Arguments which counsel did not present the first time or which counsel elects to hold in abeyance until the next time will not be considered. Arguments which were fully considered and rejected by the court the first time will not be considered when repeated by counsel the second time.

*In re Armstrong Store Fixtures Corp.*, 139 B.R. 347, 350 (Bankr.W.D.Penn.1992).

To succeed on a motion to reconsider, the Court requires that the moving party show newly discovered evidence or a manifest error of fact or law. *In re Mortgage Investors Corp.* 136 B.R. 592, 598 (Bankr. D.Mass.1992). The arguments that Landers and Stonehill set forth are all matters which the Court considered at length at the confirmation hearing. The parties do not submit any newly discovered evidence and have not demonstrated that there was a manifest error or fact or law.

As Landers and Stonehill have not met this Court's burden with respect to a motion for reconsideration, the motion is denied. A separate order will issue.