In re Roland B. CHAMPAGNE, Debtor.

Roland B. CHAMPAGNE, Plaintiff,

v.

EQUITABLE CREDIT UNION, Defendant.

Bankruptcy No. 90–11438.
Adv. No. 92–1033.

United States Bankruptcy Court,
D. Rhode Island.

Sept. 25, 1992.

Christopher M. Lefebvre, Pawtucket, R.I., for debtor/plaintiff.

Richard A. Sinapi, Morneau & Sinapi, P.C., Inc., Cranston, R.I., for defendant.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Heard on September 1, 1992 on the Debtor's Complaint against the Equitable Credit Union ("ECU") for an alleged violation of the discharge injunction, 11 U.S.C. § 524(a)(2), and also on the Debtor's Motion to adjudge ECU in Contempt. Upon completion of the Plaintiff's case in chief, the Defendant moved for a Directed Verdict. We took the motion under advisement at that time, but now, upon further examination, we grant the Defendant's Motion, for the following reasons:

The parties have stipulated that ECU holds a valid security interest in the Debtor's 1970 Marquis mobile home, pursuant to R.I.Gen.Laws § 6A–9–101, *et seq.*, and that at all relevant times hereto the Debtor, Roland Champagne, was in default *of* the promissory note and security agreement securing said debt. Moreover, on January 31, 1991, during the pendency of the Debtor's bankruptcy case, ECU obtained relief from the automatic stay in order to repossess the mobile home, upon a finding that the Debtor had no equity in the collateral. Also on that date, the Debtor was granted a discharge in his Chapter 7 bankruptcy case. Eight days after entry of discharge, on February 8, 1991, ECU repossessed the Debtor's mobile home. Said repossession, without prior notice to him or his counsel, included packing the Debtor's personal effects in boxes and bags, and placing them in storage.

The gravamen of the Debtor's Complaint and Contempt Motion is the allegedly offensive method used by ECU in effecting the *repossession of the Debtor's mobile home*—that it was unreasonable in the circumstances, and basically that it amounted to a breach of the peace. The Debtor does not dispute that ECU had the right to repossess the mobile home. Rather, his criticism is with the *manner* in which it was done. The problem with this argument as we see it, and as presented by the Defendant, is that it mischaracterizes this claimed infraction of the law as one amounting to a violation of the discharge injunction under § 524. Upon our own independent research, we must reject this ground as legally insufficient to state a claim for relief, on the facts presented. After diligent and comprehensive inquiry, we have been unable to locate *any* statutory or decisional authority to support the Debtor's position, and he has failed to provide any persuasive authority in his own behalf.[1]

The particular code section in question, 11 U.S.C. § 524(a)(2), states in relevant part that:

(a) A discharge in a case under this title—

.    .    .    .    .

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived;

During trial, we questioned both counsel as to whether a secured creditor's authorized repossession of collateral fits within the definition of § 524(a)(2), namely whether it constitutes an attempt to "collect, recover or offset any such debt as a personal liability of the debtor." For manifest reasons, the parties differed in their responses to this question.

Initially, we tended to agree with the Debtor—i.e. that repossession is "an act" intended to collect a debt. The Debtor, however, asks us to extend this interpretation to impose an injunction covering the

---

**1.** All of the cases relied upon by the Debtor concern situations where either an illegal repossession took place (*i.e.* without Bankruptcy Court permission), or where a creditor took some action against the debtor after the discharge entered, constituting the collection of a personal obligation. As noted above, this is not the situation at hand.

*manner* in which authorized repossessions are conducted. We have been unable to locate any support for the argument—that in enacting the discharge injunction Congress intended that Bankruptcy Courts should supervise and/or regulate the manner in which authorized repossessions are conducted. Without such authority, this Court is powerless to render dispositive rulings or to redress the egregious manner in which these Defendants acted, and all we can do is to call the Debtor's attention to *John Deere Industrial Equipment Co. v. Nason (In re Nason)*, 22 B.R. 690, 692 (Bankr.D.Me.1982), "[s]tate law provides adequate safeguards to protect the discharged debtor's rights in the collateral."

Accordingly, the posture of the case presented leaves the Court with no authority to grant the relief requested. As a matter of law we hold that where there is a valid security interest in place, and relief from stay is granted, the secured creditor may repossess its collateral, without bankruptcy court supervision. The issue whether the repossession is conducted maliciously or unreasonably is a state law question, and is not cognizable in the Bankruptcy Court as a violation of the discharge injunction.

Finally, however, in light of the significant pre-trial and hearing time already invested in this litigation, and in the interest of judicial economy, the parties are authorized (and encouraged) to use the record in this proceeding in any subsequent action concerning this subject matter and these parties.

Enter Judgment consistent with this opinion.