**In re Roland B. CHAMPAGNE, Debtor.**

**Roland B. CHAMPAGNE, Plaintiff,**

v.

**EQUITABLE CREDIT UNION, Defendant.**

**Bankruptcy No. 90–11438. Adv. No. 92–1033.**

United States Bankruptcy Court, D. Rhode Island.

Oct. 30, 1992.

Christopher Lefebvre, Pawtucket, R.I., for debtor/plaintiff.

Richard A. Sinapi, Morneau & Sinapi, P.C., Inc., Cranston, R.I., for defendant.

## DECISION AND ORDER ON MOTION FOR RECONSIDERATION

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Before the Court is the Debtor's Motion for Reconsideration of our September 25, 1992 Decision and Order, wherein we de-

nied the Debtor's request for relief based on his failure to properly allege a violation of the discharge injunction under 11 U.S.C. § 524(a) 145 B.R. 122.[1]

■ The Debtor's initial criticism of our September 25 ruling is that the Court (incorrectly) relied upon the parties' "inartfully[sic] drafted joint pre-trial order" in finding that Equitable Credit Union ("ECU") had the right to repossess the Debtor's mobile home.[2] In the July 27, 1992, Joint Pretrial Order, there are two pertinent facts listed as *undisputed*. Paragraph seven states "[t]hat on or about January 31, 1991, the Bankruptcy Court removed the automatic stay previously entered pursuant to 11 U.S.C. Sec. 362 in the debtor's Chapter 7 bankruptcy proceeding." Paragraph nine provides that "[t]he debtor acknowledges that Equitable Credit Union had an absolute right to peacefully repossess their collateral pursuant to Rhode Island General Laws."

These statements, together with the facts elicited at the hearing, were the basis for our conclusion that "ECU obtained relief from the automatic stay in order to repossess the mobile home, upon a finding that the Debtor had no equity in the collateral." *Champagne v. Equitable Credit Union (In re Champagne)*, 145 B.R. 122, 123 (Bankr.D.R.I.1992).

Apparently this statement has caused the Debtor such consternation and concern about prejudice to him that he filed the instant motion asking us to "correct and/or amend said findings to clarify that ECU never moved for or obtained relief from the stay to proceed against the mobile home." (Debtor's Mem.Supp.Mot.Recons. at 2.)

Normally, where this Court makes a material misstatement of fact either through inadvertence or lack of adequate information, we welcome input from the parties and will correct the record where appropriate. In this instance however, the quesioned statement of fact is one submitted to the Court *by the parties themselves* and, in the circumstances, is one we deem immaterial to our ultimate determination. In addition, we do not accept oversight responsibility for the wording of joint pretrial orders or other stipulated matters. The parties alone are accountable for the results of their submissions,[3] and the Debtor's reliance on the principles of equity to relieve or rescue him from agreements contained in the joint pretrial order is totally misplaced.

■ The main purpose of the joint pretrial order is to assist the Court by narrowing the contested facts, and framing the legal issues. Where facts are stated as undisputed, it is not our practice nor is the Court required to investigate the record to verify that said stipulations are accurate. The parties are expected to correctly articulate their positions in the joint pretrial order, and the Court considers such stipulations binding. Accordingly, the Debtor's admission in the joint pretrial order that the Court removed the automatic stay on January 31, 1991, together with his statement that ECU had the "absolute right to peacefully repossess their collateral," precludes his present argument that the automatic stay was in effect on the day ECU repossessed its collateral.[4]

■ This brings us to the second issue raised in the Debtor's motion for reconsid-

---

1. Contrary to Equitable Credit Union's suggestion in its opposition to the motion, we did not base our September 25 ruling on lack of jurisdiction but rather, on the Debtor's failure to plead the proper cause of action for the relief requested.

2. Now, for the first time, by way of reconsideration (after a full evidentiary hearing and the parties' submission of a joint pretrial order), the Debtor disavows his previous concession that ECU had the "absolute" right to repossess its collateral, and that the only issue was the *manner* in which such repossession was conducted.

In fact, Debtor's counsel contended at hearing that "the method in which repossession was conducted is the crux of his complaint."

3. Especially post-decision, where the Court has already relied upon said submissions in deciding the controversy.

4. The Court agrees that its statement that ECU "obtained" relief from stay may be technically inaccurate but lays this solely at the feet of the parties, by virtue of the framing of their joint pretrial order statements. In any event, it is immaterial in the circumstances.

eration—his request for a new trial or an amendment of our September 25, 1992 judgment. In support of these requests, the Debtor asserts an entirely new legal ground against ECU, not previously raised in any of the pleadings filed in this proceeding, nor argued at trial. Specifically, he now argues that "the automatic stay of 11 U.S.C. § 362(a) was still in place as to the mobile home on February 8, 1991 and the actions of the credit union violated the automatic stay pursuant to 11 U.S.C. 362(c)(1)." (Debtor's Mem.Supp.Recons. at 4.)

This sudden change in position and belated attempt to assert an entirely new claim against ECU, after the evidentiary hearing where the Debtor represented verbally and in writing that ECU had the absolute right to repossess the mobile home, is an inexcusable violation of Fed.R.Bankr.P. 9011, and displays a total disregard of the requirements of this Court, and the good-faith and meritorious pleading practice mandated under the law. We subscribe to the standard enunciated in *In re Wedgestone Financial*, 142 B.R. 7 (Bankr. D.Mass.1992) that to succeed on a motion to reconsider, "the Court requires that the moving party show newly discovered evidence or a manifest error of fact or law." *Id.* at 8. On the basis of the complaint filed in this proceeding, which was limited to a claim for damages resulting from the manner in which ECU repossessed the Debtor's collateral, we find no manifest error of fact or law in our September 25, 1992 Decision and Order. In addition, we adopt as most appropriate here, the bankruptcy judge's remarks in *In re Armstrong Store Fixtures Corp.*, 139 B.R. 347, 350 (Bankr.W.D.Penn.1992) (cited in *In re Wedgestone Financial*, 142 B.R. at 8) that:

> As busy as this court is, it nonetheless is required to review the evidence and the applicable law and to render a sound decision the first time that a matter is brought before it. The court does not have the luxury of treating its first decision as a dress rehearsal for the next time. The court is required to 'get it right' the first time. No less is expected of counsel. Initial arguments are not to be treated as a dress rehearsal for a second attempt to prevail on the same matter. Counsel is also expected to 'get it right' the first time and to present all the arguments which counsel believes support its position. Arguments which counsel did not present the first time or which counsel elects to hold in abeyance until the next time will not be considered. Arguments which were fully considered and rejected by the court the first time will not be considered when repeated by counsel the second time.

139 B.R. at 350.

Having failed to allege a violation of the automatic stay, either in his complaint against ECU or at the very latest during the trial, the Debtor may not now raise, for the first time, a cause of action not previously asserted against ECU, and we find this particular conduct by the Debtor's counsel to be a meritless intrusion upon this Court's time, while that resource is in very short supply.

■ A lengthy hearing was conducted on the Debtor's complaint, and thereafter we rendered a written decision on the issues as presented by the parties. The Court felt most sympathetic to the Debtor's misfortune and expressed our dismay with the conduct of ECU, both verbally and in writing. The Court spent considerable time researching all of the legal issues, but in view of the limited averments of the Debtor's own pleading, could not render judgment in the Debtor's favor, based upon a violation of the discharge injunction. We are bound to apply the law as it is written, and where a pleading is insufficient, the Court is not at liberty to simply supply an appropriate one on the basis of "equity." To do so would deprive a defendant of the opportunity to know the claims being asserted against it and to adequately prepare its defense to the action.

In this period of extreme demand upon the services of the Bankruptcy Court, we simply do not have the time to address meritless pleadings such as this one, which do nothing more than waste the time required to respond, and which delay other

litigants from having their day in court. Accordingly, the Debtor's Motion for Reconsideration is DENIED.

Finally, we were initially inclined to order Rule 9011 sanctions for the reasons discussed, but on reflection will not do so in this instance. We are sensitive to the chilling effect of sanctions in circumstances such as these, and do not wish to reduce the availability of zealous advocacy to consumer debtors, who are most in need of, and least able to afford good representation. We are hopeful that in the future, counsel will recognize the difference and not again cross over the line between serious and frivolous litigation.

Enter Judgment consistent with this opinion.