In re ALMACS, INC., Debtor.

Bankruptcy No. 93–12090.

United States Bankruptcy Court,
D. Rhode Island.

April 25, 1995.

Robert Lapowski, Philadelphia, PA, for Cohen, Shapiro, Polisher, Shiekman & Cohen.

Office of the U.S. Trustee, Sheryl Serreze, Providence, RI.

## ORDER DENYING COHEN, SHAPIRO'S MOTION FOR RECONSIDERATION

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Before the Court is the Motion of Cohen, Shapiro, Polisher, Shiekman, and Cohen (Cohen Shapiro) for Reconsideration of our February 17, 1995 Order awarding it compensation in the amount of $525,498, and expenses of $39,936 for legal services rendered to the Debtor. In its motion, and as grounds therefor, Cohen Shapiro states:

> [a]mong the issues raised by the Court in the Decision regarding the Cohen Shapiro Fee Application was whether the services rendered ... were available locally. In addition ... the Court disallowed certain portions of the Fee Application based upon a finding that insufficient detail had been provided. Neither the issue of insufficient detail nor the issue of availability of local counsel to provide the services rendered by Cohen Shapiro was raised in the Objection filed by the United States Trustee and, as a result, Cohen Shapiro was not fairly on notice that such issues would be considered determinative of the allowability of certain fees and expenses.

(Motion for Reconsideration, at 2). We have also been requested to reopen the record at the scheduled September 6, 1995 status conference, so that Cohen Shapiro can address these two issues. In addition, Cohen Shapiro asks that we reconsider the fifty percent reduction in time spent on intra-office conferencing, arguing that the reduction is excessive, considering the difficulty and size of the case.

"[T]o succeed on a motion to reconsider, 'the Court requires that the moving party show newly discovered evidence or a manifest error of fact or law.'" *Champagne v. Equitable Credit Union (In re Champagne),*

146 B.R. 506, 508 (Bankr.D.R.I.1992) (quoting *In re Wedgestone Financial,* 142 B.R. 7, 8 (Bankr.D. Mass.1992)); *In re Bank of New England Corp.,* 142 B.R. 584, 587–88 (D.Mass.1992). In *Champagne* we adopted the bankruptcy judge's remarks in *In re Armstrong Store Fixtures Corp.,* 139 B.R. 347, 350 (Bankr.W.D.Pa.1992) wherein the Court stated:

> [i]nitial arguments are not to be treated as a dress rehearsal for a second attempt to prevail on the same matter. Counsel is also expected to 'get it right' the first time and to present all the arguments which counsel believes support its position. Arguments which counsel did not present the first time or which counsel elects to hold in abeyance until the next time will not be considered.

139 B.R. at 350; *see also Champagne,* 146 B.R. at 508.

 We are not persuaded in the least by the argument that Cohen Shapiro was somehow caught off guard because we addressed issues in our decision not raised in the United States Trustee's objection. "Even without regard to objections by other parties in interest, the court has an independent judicial responsibility to evaluate professionals' fees." *In re Bank of New England Corp.,* 134 B.R. 450, 453 (Bankr.D.Mass. 1991), *aff'd,* 142 B.R. 584 (D.Mass.1992) (citing *In re First Software Corp.,* 79 B.R. 108 (Bankr.D.Mass.1987)); see also *In re Swansea Consol. Resources, Inc.,* 155 B.R. 28, 31 (Bankr.D.R.I.1993). The detail provided in fee applications is of paramount importance and it should not surprise any applicant that the level and quality of such detail will always be carefully scrutinized. *See* Local R. Bankr.P. 25(A); *Grendel's Den, Inc. v. Larkin,* 749 F.2d 945, 952 (1st Cir.1984) (holding that "in cases involving fee applications for service rendered after the date of this opinion, the absence of detailed contemporaneous time records, except in extraordinary circumstance, will call for a substantial reduction in any award or, in egregious cases, disallowance"). The notion that courts must enumerate for professionals, in advance of the fee application hearing, those issues and factors that it will consider in determining compen-

sation, renders this motion "borderline frivolous."

We are even less impressed by Cohen Shapiro's assertion that the availability of local counsel should not have been an issue in our consideration of this application. Robert Lapowski, Esq., appearing for the Applicant at the hearing, commenced his presentation by stating that he would produce evidence of the Debtor's inability to obtain local counsel; however, no such evidence was offered. *See In re Almacs,* 178 B.R. 598, 605–06 (Bankr. D.R.I.1995). The presence of local lawyer availability as an issue was known to the Applicant since its retention in the case, and the complaint of "surprise" or "foul" is without merit. The comments of the United States District Court for the District of Massachusetts in *Bank of New England* are most relevant here:

> [t]he initial fee application, on its face, should be sufficient to satisfy the applicant's burden of proof.... The initial fee application hearing was the proper forum for ... [professionals] to present any evidence it wished the bankruptcy court to consider....
>
> . . . . .
>
> This Court is aware of no authority standing for the proposition that "applicants may supplement petitions or present evidence *after* the court has ruled on the application."

142 B.R. at 588 (quoting *In re Pettibone Corp.,* 74 B.R. 293, 300 (Bankr.N.D.Ill.1987)) (citations omitted) (footnote omitted).

In this case, we dedicated one entire day to hearing fee applications and allowed every applicant all the time they desired to elaborate upon their respective requests. No one's presentation was cut short, and indeed the self-addressed accolades of the applicants did last all day. Based upon the foregoing, we find and conclude that Cohen Shapiro's motion for reconsideration is an impermissible attempt to reargue its original fee application.

Because it has not shown the existence of either new evidence or manifest error of fact or law, Cohen, Shapiro's Motion for Recon-

sideration and its request to reopen the record are DENIED.