**In re DYTEX CHEMICAL CO., INC., Debtor.**

**In re GROSSMAN REALTY, INC., Debtor.**

**Bankruptcy Nos. 95–12469, 95–12470.**

United States Bankruptcy Court,
D. Rhode Island.

Feb. 26, 1996.

Paul J. Pisano, Providence, RI, for Dytex Chemical Co., Inc. and Grossman Realty, Inc.

Sheryl Serreze, Office of the U.S. Trustee, Providence, RI.

*ORDER DENYING, IN PART, DEBTORS' MOTION FOR RECONSIDERATION*

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on February 12 and 13, 1996, on the Debtors' Emergency Motion for Reconsideration of our January 29, 1996 Order appointing separate trustees in each of the above captioned Chapter 11 cases. It is alleged that the United States Trustee is unable to provide people willing to serve as trustee in these cases, because the Debtors'

business involves the manufacture and sale of "chemicals," and that proposed trustees will decline the appointment unless they are authorized to immediately close the operation, to avoid exposure to personal liability. The only evidence presented was the testimony of the principal, William Grossman, who stated that he is seeking financing. There is no commitment, formal or otherwise, regarding the infusion of funds necessary to run the business, without further eroding the secured creditor's cash collateral position.

 "[T]o succeed on a motion to reconsider, 'the Court requires that the moving party show newly discovered evidence or a manifest error of fact or law.'" *Champagne v. Equitable Credit Union (In re Champagne)*, 146 B.R. 506, 508 (Bankr. D.R.I.1992) (*quoting In re Wedgestone Financial*, 142 B.R. 7, 8 (Bankr.D.Mass. 1992); *In re Bank of New England Corp.*, 142 B.R. 584, 587–88 (D.Mass.1992). In *Champagne* we adopted the bankruptcy judge's remarks in *In re Armstrong Store Fixtures Corp.*, 139 B.R. 347, 350 (Bankr. W.D.Pa.1992) . . . :

> [i]nitial arguments are not to be treated as a dress rehearsal for a second attempt to prevail on the same matter. Counsel is also expected to 'get it right' the first time and to present all the arguments which counsel believes support its position. Arguments which counsel did not present the first time or which counsel elects to hold in abeyance until the next time will not be considered.

139 B.R. at 350; *see also Champagne*, 146 B.R. at 508.

*In re Almacs, Inc.*, 181 B.R. 143, 143–44 (Bankr.D.R.I.1995).

John Boyajian, Esq., and Louis Geremia, Esq., who were nominated by the U.S. Trustee to serve as trustee in these cases, dispute the Debtors' allegations, and add that their joint decision to decline to serve as trustee, if required to operate, was based upon the Debtors' cash flow operating reports. Both Messrs. Boyajian and Geremia conclude, based upon the Debtors' own figures and projections, that a successful reorganization is not reasonably in prospect, and that the main objective here is, as much as possible by operation through the busy summer season, to somehow reduce the liability of the principals, who are guarantors of the major creditor which is grossly undersecured. Based on the record, the Debtors have fallen far short of their burden and have shown no reason, nor do we find any, to vacate our Order removing the Debtor in Possession. Accordingly, as to that request, the Motion for Reconsideration is DENIED.

However, in light of the United States Trustee's recent expression that her prior concern over potential conflicts of interests between these two estates have abated for the time being, the appointment of one trustee, coupled with an order authorizing the joint administration of these estates is now appropriate, and it is so ORDERED. If it later appears that the appointment of a single trustee in these cases is not in the best interest of either of these estates, we will revisit the issue of separate trustees.