**In re John MONIZ and Olivia Moniz, Debtors.**

**No. 98–12803.**

United States Bankruptcy Court, D. Rhode Island.

March 19, 2004.

James F. Hyman, Newport, RI, Linda Rekas Sloan, Salter McGowan Sylvia & Leonard, Providence, RI, for Debtors.

Charles A. Pisaturo, Jr., Law Offices of Charles A. Pisaturo Jr., Providence, RI, pro se.

## ORDER DENYING MOTION FOR RELIEF

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Before the Court is Georgianna Moniz's motion, filed under Fed. R. Bankr.P. 9024 and Fed.R.Civ.P. 60(b), for relief from an order dated August 29, 2003. For the reasons set forth below, the request for relief is DENIED.

## BACKGROUND

The (hopefully) final chapter in the long and acrimonious history of this wide-ranging family dispute began in April 2002, with the Chapter 7 Trustee's application to approve the transfer of Debtor Olivia Moniz's interest in her late mother's estate to her sister, Georgianna Moniz for $285,000. Both Debtors objected to the proposed transfer. During the course of the hearing on the Trustee's application, the parties informed the Court that they had resolved their differences. A key condition of the settlement, which was read into the record, was a provision allowing the Debtors a ten day option period within which to match Georgianna's offer. The Debtors elected to exercise the option and wired $285,000 to the Trustee. In accordance with said election and payment, the Trustee filed the appropriate papers to obtain Court approval of the Debtors' action. Apparently aggrieved by this development, Georgianna objected, and the Motion was scheduled for hearing.

After spending much of the hearing day in negotiations, the parties again announced a global settlement of numerous matters, including disputes over land ownership and litigation of probate issues which had been ongoing for nearly a decade. Prior to adjournment, and with her in attendance, Georgianna's attorney, Walter Fraze, Esq., put the lengthy and specific terms of the settlement on the record, and described in detail the negotiations, often referring to a large map of the property in question, including certain boundaries that were drawn in by the parties during the hearing. Nine days later, on September 5, 2002, I approved the *consent order submitted by the parties* which, it was represented, memorialized the parties' August 27, 2002 agreement. *See* Document No. 34.

Things appeared to be quiet until April 2, 2003, when the Debtors filed a Motion to Vacate the Consent Order, complaining that Georgianna Moniz was refusing to comply with certain of its terms. Georgianna opposed the motion to vacate, and an evidentiary hearing on her objection was held. After hearing, the Court ordered that the September 5, 2003 consent order be amended to include the entire settlement agreement as presented by Attorney Fraze at the August 27, 2002 hearing. The Debtors were also awarded their costs and expenses for what the Court deemed to be unnecessary litigation caused by Georgianna.

In accordance with our instructions, the Debtors presented an order containing amendments to the September 5, 2002, consent order. Georgianna objected to this proposed order as well, and submitted her own form of order, which required still another contested hearing on August 26, 2003. At the conclusion of the hearing, the Court found that the Debtors' proposed order accurately reflected the parties'

agreement as represented by Georgianna's own attorney, one year earlier. Only in the interest of economy of time, the Court also treated it as though Georgianna requested a stay pending appeal, and denied the same, thereby enabling her to proceed forthwith in the District Court with whatever appellate steps she deemed appropriate. On August 29, 2003, the Debtors' proposed order was entered, amending the prior consent order to include all of the provisions of the parties' year old agreement. *See* Document No. 78. No appeal of the entry of the Amended Order was taken.

On September 16, 2003, Georgianna filed the instant Motion for Relief, wherein she raises three issues:

(1) Paragraph Five of the Amended Order contains a right of first refusal in favor of Georgianna should Olivia decide to sell the property to anyone outside of the immediate family. Georgianna argues that this limitation was never bargained for in the original negotiations and her right of first refusal should apply to a sale to anyone–whether they are immediate family or not;

(2) Paragraph Five also references a right of way along certain lines delineated on a map attached to the Order. Georgianna claims that easements were not part of the original negotiations; and

(3) Paragraph Six of the Order requires Georgianna to deed 25% of a parcel of land to Olivia, free and clear of liens and encumbrances. Georgianna argues that she never agreed to convey the property free and clear.

The Debtors contend that the proposed order accurately reflects the agreement of the parties, that it was sent to Georgianna for review four weeks prior to its entry, that Georgianna filed an objection to the form of the order, and that a full hearing was conducted on her objection, which was overruled. The Debtors also argue that if Georgianna was aggrieved by any part of the amended order, her remedy was to file a timely appeal thereof, which she has not done.

### DISCUSSION, FINDINGS AND CONCLUSIONS

■ With a few exceptions which are not applicable here, Fed. R. Bankr.P. 9024 incorporates Fed. R. Civ. P 60(b) into bankruptcy proceedings. Rule 60, which relieves a party from a judgment or order, states in part:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b). The six grounds set forth in the rule are clear, they are mutually exclusive, and the "catch all" provision of Rule 60(b)(6) may only be invoked when the other reasons specifically set out in the rule are inapplicable. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Part-*

*nership,* 507 U.S. 380, 393, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *In re Silver Spring Center,* 251 B.R. 17, 19–20 (Bankr.D.R.I. 2000). On this same subject, the First Circuit Court of Appeals has stated:

> Rule 60(b) invested the federal courts, in certain carefully delimited situations, with the power to "vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. United States,* 335 U.S. 601, 614–15, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949). The rule attempts to harness a blend of centrifugal and centripetal forces. On the one hand, the rule must be construed so as to recognize the importance of finality as applied to court judgments. On the other hand, the rule must be construed so as to recognize the desirability of deciding disputes on their merits. The need to harmonize these competing policies has led courts to pronounce themselves disinclined to disturb judgments under the aegis of Rule 60(b) unless the movant can demonstrate that certain criteria have been achieved. In general, these criteria include (1) timeliness, (2) the existence of exceptional circumstances justifying extraordinary relief, and (3) the absence of unfair prejudice to the opposing party. . . .

*Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59 v. Superline Transp. Co., Inc.,* 953 F.2d 17, 19–20 (1st Cir.1992).

■ The movant has not even begun to meet her burden under any part of Rule 60(b). The issues now sought to be raised by Georgianna Moniz were resolved by agreement more than a year and a half ago, in August 2002, and have been addressed and re-addressed since that time. In June 2003, the consent order was vacated because of Georgianna's failure to perform, and the Debtors were forced to re-litigate the entire issue. Georgianna ob-

jected to the Debtors' proposed amended order and submitted one of her own. A full evidentiary hearing was held on her objection, Georgianna lost, the Debtors' proposed Amended Order was entered, no appeal was taken from that ruling, and it is a final order.

In her present motion, Georgianna attempts to reargue matters previously decided adversely to her, and raises new arguments, not made either in her initial objection nor at the hearing on her objection.

> Initial arguments are not to be treated as a dress rehearsal for a second attempt to prevail on the same matter. Counsel is also expected to 'get it right' the first time and to present all the arguments which counsel believes support its position. Arguments which counsel did not present the first time or which counsel elects to hold in abeyance until the next time will not be considered.

*In re Armstrong Store Fixtures Corp.,* 139 B.R. 347, 350 (Bankr.W.D.Pa.1992).

Georgianna Moniz's present motion is untimely, frivolous, vexatious, and can only be intended to unreasonably multiply these proceedings. It also lacks merit, i.e., she has not alleged or demonstrated any exceptional circumstances to justify the relief she seeks. Apparently, Georgianna Moniz perceives family litigation to be an endless process where the winner is the one who outlives the opposition, and this Court is embarrassed at being so slow to recognize that situation here. If the principles of finality, res judicata, and estoppel ever needed to be applied, this litigation is it. For the foregoing reasons, Georgianna Moniz's Motion for Relief from Order is DENIED.

■ Finally, in the instant proceeding where the Movant continues to be so hy-

peractive in disregarding established procedures and persistent in pressing manifestly unsupported positions, costs and counsel fees are assessed against her. *See In re Newport Harbor Assocs.*, 589 F.2d 20, 24 (1st Cir.1978); 28 U.S.C. § 1927.