# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 7, 2013

No. 13-40316
Summary Calendar

Lyle W. Cayce
Clerk

DERWIN FRAZIER; VERONICA FRAZIER,

Plaintiffs-Appellants

v.

WELLS FARGO BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED; WMC MORTGAGE CORPORATION,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas, Galveston Division
USDC No. 3:12-CV-127

Before BENAVIDES, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

After defaulting on their mortgage, appellants Derwin and Veronica Frazier filed suit against several financial institutions, asserting various claims of fraud and seeking quiet title to the property. The Fraziers now question the dismissal of their claims pursuant to Federal Rule of Civil Procedure 12(b)(6), and they appeal the district court's denial of their subsequent request for relief

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40316

under Federal Rule of Civil Procedure 60(b).  Finding neither error nor abuse of discretion, we affirm the decisions.

## I.  Background

In 2006, Derwin and Veronica Frazier obtained a mortgage to finance the purchase of a home.  The Fraziers later defaulted, and the lenders initiated foreclosure proceedings.[1]  The Fraziers filed suit in state court on April 10, 2012, alleging fraud and naming several financial institutions as defendants.  The case was removed on the basis of diversity jurisdiction, and the defendants subsequently moved to dismiss under Rule 12(b)(6).

The district court assigned a magistrate judge to the case, in part to facilitate an amended complaint and to ensure that the Fraziers understood the pleading standards imposed by the Federal Rules of Civil Procedure.  Although the Fraziers did file an amended complaint, the magistrate judge found that it remained "impossible to understand the factual bases" for any claims, and instructed the parties to file any objection to that finding by December 7, 2012.  The Fraziers did not object, and the district court ultimately adopted the findings and granted the 12(b)(6) motion.  The court later denied a Rule 60 motion for relief from that judgment, concluding that the Fraziers were improperly "reurging the merits of their original lawsuit" via the motion.

The Fraziers now appeal *pro se*, primarily reiterating their original claims, but also questioning the lower court's decisions with respect to the 12(b)(6) and 60(b) motions.  We consider the two motions in turn.

## II.  The 12(b)(6) Motion to Dismiss

Rule 12(b)(6) allows dismissal where the plaintiff fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true,

---

[1] The property in question was ultimately sold at a foreclosure sale on June 5, 2012.

No. 13-40316

to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In considering whether to dismiss, a judge must hold a *pro se* party's complaint to a "less stringent standard" than used when examining complaints filed by counsel. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citation omitted). Nonetheless, *pro se* litigants, like all other parties, "must abide by" the rules that govern the federal courts. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

This Court generally reviews 12(b)(6) dismissals *de novo*; but where the decision is based entirely on a magistrate judge's report, and where—as in the present case—there was no objection to that report, we review the conclusions and findings of fact only for plain error. *Morin v. Moore*, 309 F.3d 316, 319–20 (5th Cir. 2002) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc)). Here, the magistrate judge found that the amended complaint did not state "adequate fact[s]" to support the various causes of action, and recommended dismissal for failure to meet the plausibility standard. After a careful review of the record, we find no error of any kind, because even a generous reading of the amended complaint finds the claims legally insufficient.

First, the Fraziers allege breach of contract (counts 1, 5, & 6), but do not point the court to any contractual provision breached by defendants. With respect to the various claims of fraud (counts 2, 3, 4, & 5), the Fraziers do not identify any material misrepresentation or non-disclosure made by the opposing parties.[2] The several causes of action afforded by statute (counts 7, 8, & 9) also fail, because the Fraziers merely describe the various laws, without listing any

---

[2] For the pleading requirements of, and authorities for, the various claims of fraud in Texas, see MICHOL O'CONNOR, O'CONNOR'S TEXAS CAUSES OF ACTION, 279–307 (2013). The Fraziers also allege fraud upon the court, but as discussed in Section III, *infra*, the Fraziers have not explained how any alleged misconduct prevented them from presenting their case. *See Bankers Mortg. Co. v. United States*, 423 F.2d 73, 78–79 (5th Cir. 1970).

3

No. 13-40316

facts that render them applicable to this case. Finally, with respect to unjust enrichment (count 10), Texas law is clear that such a claim is unavailable where a contract addresses the disputed matter, as is the case with the foreclosure process at issue here. *See Miga v. Jensen*, 299 S.W.3d 98, 102 (Tex. 2009).

Because a critical component is missing from each cause of action, there is no plausible claim upon which the court can grant relief, and the case was properly dismissed. Fed. R. Civ. P. 12(b)(6).

## III. The Rule 60 Motion to Reconsider

Rule 60(b)(3) permits relief from judgment where there has been fraud, misrepresentation, or misconduct by the opposing party. Fed. R. Civ. P. 60(b)(3).[3] The party seeking relief must show by clear and convincing evidence that an adverse party engaged in fraud or misconduct that prevented the moving party from fully and fairly presenting his case. *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005). We review a district court's denial of a Rule 60(b) motion only for abuse of discretion. *Id.* at 638.

Here, the Fraziers' Rule 60 motion reiterated the statements and accusations made in their amended complaint, including allegations that the opposing parties committed fraud by causing a "mortgage meltdown," and by "judge shopping." Setting aside the tenuous relevance of such accusations, the motion failed because the Fraziers did not explain how any allegedly fraudulent conduct prevented them from fairly presenting their case. On the contrary, it appears that the district court did everything in its power—including assigning a magistrate judge to facilitate the amended complaint—to ensure that the Fraziers had fair opportunity to properly state their claims.

---

[3] The Fraziers refer to their motion as one under 60(b)(4), but it appears that they intended to move under subsection 3, as they repeatedly refer to alleged fraud. The distinction is of little consequence here, however, because a Rule 60 motion is not "a vehicle . . . to rehash arguments already made," *Lelsz v. Kavanagh*, 112 F.R.D. 367, 371 (N.D. Tex. 1986), which is how the rule was employed in the present case. So the motion would properly have been denied under any subsection of the rule.

No. 13-40316

The Fraziers argue, however, that the motion to reconsider should have been granted because the 12(b)(6) dismissal without oral argument or jury trial violated due process. Yet due process in civil cases includes neither the right to oral argument, nor the right to jury trial, but only the "opportunity to be heard." *Grun v. Pneumo Abex Corp.*, 163 F.3d 411, 423 (7th Cir. 1998); *see also Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.*, 38 F.3d 1414, 1418 (5th Cir. 1994) (finding no violation of due process where oral argument would not assist court). As already explained, the district court did everything it could to ensure that the Fraziers' arguments were heard. Consequently, the Fraziers were not prevented from fairly presenting their case, and there was no abuse of discretion in the district court's denial of the Fraziers' Rule 60 motion. *Hesling*, 396 F.3d at 641.

## IV.  Conclusion

This Court is sympathetic to the Fraziers' circumstances, but because they have not shown error or abuse of discretion by the district court, we accordingly AFFIRM that court's decisions.