# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2022

Lyle W. Cayce
Clerk

No. 21-30631

Alfred McZeal; Lenora Wilson; Warren Wilson,

*Plaintiffs—Appellants*,

*versus*

State of Louisiana; Office of Group Benefits; Louisiana Office of Debt Recovery; Charlotte Hawkins; Mark E. Falcon,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 2019-CV-517

Before King, Duncan, and Engelhardt, *Circuit Judges.*

Per Curiam:*

Lenora Wilson, on behalf of a putative class, sued the State of Louisiana (the "State") and other defendants in federal court alleging they unlawfully attempted to collect a debt from her and other similarly situated

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30631

individuals.[1] The district court dismissed the case for want of jurisdiction and for failure to state a claim. We affirm.

I.

Wilson previously worked for the State and received state health insurance. In 2015, she instructed the Louisiana Office of Group Benefits ("OGB") to deduct her health insurance premiums directly from her state retirement benefits. Due to an error, OGB never deducted the premiums. OGB did not discover the error for four years, causing Wilson's owed balance—unbeknownst to her—to balloon to $3,918.59. After discovering the error in 2019, OGB sent Wilson a letter disclosing the mistake and seeking collection of her total unpaid balance. OGB sent Wilson two additional letters before eventually referring the matter to the Louisiana Office of Debt Recovery ("ODR"). ODR then attempted to collect the outstanding balance from Wilson. Due to another error, ODR sent Wilson forty identical collection notices, all dated June 19, 2019, providing final notice of the outstanding premiums owed.

Wilson alleges that the State, OGB, ODR, and two individual state employees, Charlotte Hawkins and Mark Falcon (collectively, "Appellees"), unlawfully harassed and attempted to extort money from her and other similarly situated individuals. Wilson filed her complaint in federal court on behalf of a putative class, asserting a menagerie of federal and state claims.[2]

---

[1] Appellants are Ms. Wilson, to whom the debt collection notices were addressed, along with Alfred McZeal and Warren Wilson, who allegedly reside at the residence where the notices were sent. We refer to Appellants collectively as "Wilson."

[2] Specifically, Wilson asserts: (1) violations of the Fair Debt Collection Practices Act; (2) fraud; (3) civil rights violations pursuant to 42 U.S.C. §§ 1983, 1985, 1986, 1988; (4) violations of the Racketeer Influenced and Corrupt Organizations Act; (5) violations of

No. 21-30631

In response, Appellees first moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), contending the Eleventh Amendment barred Wilson's claims. Adopting the magistrate judge's report, the district court partially granted the motion and dismissed all claims against the State, OGB, and ODR. Only two classes of claims remained: (1) federal and state law claims against the state employees in their individual capacities, and (2) federal law claims against the state employees in their official capacities for declaratory or injunctive relief. Appellees answered the complaint and moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The magistrate judge recommended granting the motion to dismiss the federal claims as insufficiently pleaded or legally deficient, and also recommended declining supplemental jurisdiction over the state law claims. Agreeing with the magistrate, the district court granted Appellees' motion, dismissing Wilson's federal claims with prejudice and her state law claims without prejudice. Wilson timely appealed.

On appeal, Wilson's *pro se* brief argues the district court erred on several grounds, namely by: (1) denying Wilson leave to amend her complaint; (2) holding the Eleventh Amendment barred her claims against OGB and ODR; (3) denying Wilson oral argument; (4) denying Wilson's motion to strike Appellees' Rule 12(c) motion for judgment on the pleadings; and (5) not ruling on class certification before dismissing the case. We address each argument in turn.

---

the Louisiana Fair Debt Collection Practices Act; (6) negligence; (7) negligent misrepresentation; (8) civil conspiracy; (9) violations of the Louisiana Unfair Trade Practice and Consumer Protection Act; (10) unjust enrichment; (11) intentional infliction of mental distress; and (12) invasion of privacy.

No. 21-30631

## II.

First, Wilson argues the district court erred by denying leave to amend her complaint in response to Appellees' Rule 12(c) motion, a decision we review for abuse of discretion. *Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999). The district court concluded that amendment would be futile because no amendment could cure the deficiencies in Wilson's complaint. "In deciding whether to grant leave to file an amended pleading, the district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). On appeal, Wilson argues only that the district court should have considered other factors besides futility. She is mistaken. "Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." *Marucci Sports, L.L.C. v. N.C.A.A.*, 751 F.3d 368, 378 (5th Cir. 2014) (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003)).[3] Accordingly, the district court did not abuse its discretion.

Second, Wilson argues the district court erred in holding the Eleventh Amendment bars her claims against OGB and ODR, a ruling we review *de novo*. *Morris v. Livingston*, 739 F.3d 740, 745 (5th Cir. 2014). "The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts[,]" unless the immunity has been validly waived by the state or abrogated by Congress. *Cozzo v. Tangipahoa Par. Council-*

---

[3] Wilson offers no argument why the district court was wrong that amendment would be futile, thus forfeiting the issue. *See* Fed. R. App. P. 28(a)(8)(A); *see also Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (cleaned up) ("Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved.").

*President Gov't*, 279 F.3d 273, 280–81 (5th Cir. 2002). Wilson offers no coherent argument why the district court erred in finding that the Eleventh Amendment bars her suit. She does not contest that OGB and ODR are state agencies. *See, e.g.*, *United Healthcare Ins. Co. v. Davis*, 602 F.3d 618, 622 (5th Cir. 2010) (referring to OGB as "an executive branch state agency"). She implies this does not matter because the agencies are "state actors" for purposes of 42 U.S.C. § 1983. But it is well established that § 1983 did not abrogate states' Eleventh Amendment immunity. *See Kentucky v. Graham*, 473 U.S. 159, 169 n.17 (1985) (citing *Quern v. Jordan*, 440 U.S. 332 (1979); *Edelman v. Jordan*, 415 U.S. 651 (1974)) ("The [Supreme] Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity.").[4] The district court did not err.

Third, Wilson argues she was entitled to oral argument before the district court ruled on Appellees' motions. But Wilson forfeited this issue by not raising it before the district court. *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021). In any event, parties do not have the right to oral argument. *Frazier v. Wells Fargo Bank N.A.*, 541 F. App'x 419, 423 (5th Cir. 2013) ("[D]ue process in civil cases includes neither the right to oral

---

[4] Wilson also argues the Eleventh Amendment does not protect OGB and ODR because they are "indemnified by insurance." But she raised this argument only in a reply brief, so it is forfeited. *Dixon v. Toyota Motor Credit Corp.*, 794 F.3d 507, 508 (5th Cir. 2015). In any event, the argument is unavailing. Wilson appears to confuse damages claims against state *officials* in their personal capacities with damages claims against state *agencies. See, e.g.*, *Hudson v. City of New Orleans*, 174 F.3d 677, 687 n.7 (5th Cir. 1999) ("The Eleventh Amendment does not come into play in personal capacity suits, and the existence of an indemnification statute promising to pay judgments when an officer is sued in his individual capacity does not extend the Eleventh Amendment's protections around the officer.") (citations omitted). The grant of Eleventh Amendment immunity here pertains only to the agencies, not the individual officials.

argument, nor the right to jury trial, but only the 'opportunity to be heard.'" (citations omitted)); *see also* Middle District of Louisiana, Local Rule 78(b) ("Oral argument shall be allowed only when ordered by the Court.").

Fourth, Wilson argues the district court erred in denying her motion to strike Appellees' motion for judgment on the pleadings, a ruling we review for abuse of discretion. *Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007). To the extent we comprehend Wilson's argument, she appears to contend that the Appellees were "foreclosed" from bringing a Rule 12(c) motion because "they had already filed an Answer in the proceedings." This is backwards. A party may move for judgment under Rule 12(c) "[a]fter the pleadings are closed . . . but early enough not to delay trial." FED. R. CIV. P. 12(c); *see also, e.g.*, *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1336 (11th Cir. 2014) (discussing timing requirement for Rule 12(c) motions). Nothing suggests that Appellees violated this rule or that the district court otherwise abused its discretion in denying the motion to strike.[5]

Finally, Wilson argues that the district improperly dismissed her case without first ruling on class certification, an issue we again review for abuse of discretion. *See Floyd v. Bowen*, 833 F.2d 529, 535 (5th Cir. 1987). Again, Wilson forfeited this argument by failing to raise it before the district court. *Rollins*, 8 F.4th at 397. In any event, where a putative class action may be halted by motion to dismiss or motion for summary judgment, district courts may rule on the merits before addressing class certification. *See Floyd*, 833 F.2d at 534–35 (collecting authorities); *see also* 7A WRIGHT, MILLER & KANE, FED. PRAC. & PROC. § 1785 (3d ed. 2022) ("The court always is

---

[5] To the extent that Wilson instead intends to argue that the district court erred in granting the Rule 12(c) motion, her brief wholly fails to articulate any error. *See Yohey*, 985 F.2d at 225 (issue waived for inadequate briefing).

No. 21-30631

empowered to make a determination on the merits irrespective of the denomination of the suit as a class action."). Accordingly, the district court did not abuse its discretion.

AFFIRMED.